# United States Court of Appeals for the Federal Circuit

---

**JANE L. GALLO,**
*Petitioner,*

v.

**DEPARTMENT OF TRANSPORTATION,**
*Respondent.*

---

2011-3094

---

Petition for review of the Merit Systems Protection Board in No. AT0353000909-B-1.

---

Decided: August 1, 2012

---

WILLIAM L. BRANSFORD, Shaw, Bransford & Roth, PC, of Washington, DC, argued for petitioner. With him on the brief was MARIA N. COLEMAN.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director. Of counsel on the brief was THERESA D. DUNN, Office of the Regional

Counsel, Federal Aviation Administration, of Fort Worth, Texas.

---

Before BRYSON, CLEVENGER, and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

Appellant Jane L. Gallo ("Gallo") appeals the final decision of the Merit Systems Protection Board ("Board") denying her restoration rights under 5 U.S.C. § 8151(a). *See Gallo v. Dep't of Transp.*, 116 M.S.P.R. 1 (2011) ("*Board Decision*"). Because the Board erred in interpreting "resumes employment with the Federal Government" under § 8151(a), and because any pay increases that Gallo would have received based on her creditable service time with the federal government are "benefits based on length of service" under 5 U.S.C. § 8151(a), this court reverses the decision of the Board and remands for further proceedings consistent with this opinion.

## I. BACKGROUND

In 1982, Gallo began her career at the Department of Transportation ("Department") Federal Aviation Administration ("FAA" or "Agency") as an air traffic control specialist ("ATCS"). She served as an operational ATCS through January 1995 when she experienced a compensable job-related injury for which she received Office of Workers' Compensation Program ("OWCP") benefits under the Federal Employee's Compensation Act ("FECA" or "the Act"). In March 1995, Gallo had sufficiently recovered to return to her ATCS position on light duty status. In January 1996, however, Gallo lost her medical certification that was required for her to continue as an operational ATCS. Despite her injury, Gallo then applied for and was assigned to a full-time "non-operational" position as an automation specialist, a position in the

same grade and step with the General Schedule ("GS") (GS-14, Step 7), but which did not provide the same retirement service credit or night and weekend pay as the operational ATCS position. Gallo worked for the government as an automation specialist from April 14, 1996, through June 18, 2000, the entire time during which she received OWCP benefits under FECA to account for the pay differential in her reassigned position. During Gallo's reassignment to the automation specialist position, the Agency converted its operational ATCS employees to a new "AT" pay plan as a result of negotiations between the Agency and the union representing operational ATCS employees. The conversion did not apply to the automation specialist position.

Gallo fully recovered from her 1995 injury in 2000. Prior to her recovery, on December 27, 1999, Gallo applied for a supervisory ATCS position. The selecting official selected Gallo on March 1, 2000, to be effective August 13, 2000. In April 2000, Gallo received medical clearance for reinstatement as an operational ATCS, and the Agency terminated her OWCP benefits on June 18, 2000. Immediately thereafter, on June 22, 2000, Gallo applied for restoration under 5 U.S.C. § 8151(b)(2), which provides the right to priority consideration for restoration to the "former or equivalent position" for Federal employees who have overcome a compensable injury "within a period of more than one year after the date of commencement of compensation." On August 13, 2000, the Agency assigned Gallo to the supervisory ATCS position for which she had previously been selected. In setting her salary, the Agency did not take into account pay increases that had been granted exclusively to operational ATCS employees during the period when Gallo was working as an automation specialist. *Gallo v. United States*, 76 Fed. Cl. 593, 595 (2007). "These pay increases came about as a result of the 1998 [ATCS] pay reform." *Id.* "The FAA, likewise, did not credit [] Gallo for the *time* she has spent in her

automation specialist job when it calculated her seniority in the new position." *Id.* at 595-96 (emphasis added); *accord* Appellee Br. 10.

On September 8, 2000, Gallo filed an appeal to the Board asserting that the Agency violated 5 U.S.C. § 8151(a) by failing to adjust her salary to provide pay benefits that the Agency granted to operational ATCS employees while she served as an automation specialist. The administrative judge ("AJ") dismissed her appeal for lack of jurisdiction based on the conclusion that the "Office of Personnel Management (OPM) regulations do not afford employees, whose full recovery from a compensable injury takes longer than one year, the right to appeal an alleged 'improper restoration' to the Board." *Gallo v. Dep't of Transp.*, No. AT-0353-00-0909-I-1, slip op. at 5 (M.S.P.B. Jan. 3, 2001). Gallo did not appeal this decision or seek reconsideration at that time, but rather: (1) in September 2005, filed a discrimination complaint with the Department of Transportation, which was ultimately dismissed; and (2) in August 2006, filed a complaint in the U.S. Court of Federal Claims ("Claims Court") for improper restoration under § 8151(a). The Claims Court dismissed Gallo's claim for lack of jurisdiction on the grounds that, *inter alia*, the Board has exclusive jurisdiction over actions arising under § 8151(a). *Gallo*, 76 Fed. Cl. at 610. On appeal, this court affirmed, and encouraged the Board to reopen Gallo's earlier appeal in light of that holding. *Gallo v. United States*, 529 F.3d 1345, 1352 (Fed. Cir. 2008) (*Gallo I*) ("Given our decision . . . that the Board's limited view of its jurisdiction over claims under section 8151(a) is incorrect, we assume that the Board would look favorably on a motion to reopen.").

Accordingly, on February 20, 2009, the Board granted Gallo's motion to reopen her previous appeal. On reconsideration, the Board nevertheless dismissed Gallo's appeal for failure to state a claim because it held that,

based on Gallo's *continued* employment with the federal government, Gallo did not "*resume* employment with the Federal Government" as required for rights and benefits under § 8151(a). *Board Decision* at 6 (emphasis added). In the alternative, the Board held that "even if [Gallo] had resumed employment with the Federal Government, she would not be entitled to the relief she seeks" because "the benefits she seeks are not based upon length of service." *Id.* Gallo appeals, and this court has jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. "resumes employment with the Federal Government"

Gallo argues that the Board erred by construing "resumes employment with the Federal Government" in 5 U.S.C. § 8151(a) to require the employee to physically leave the federal government upon a compensable injury. This court reviews the Board's statutory interpretations *de novo*. *Jones v. Dep't of Transp.*, 295 F.3d 1298, 1304 (Fed. Cir. 2002).

Section 8151(a) provides that:

> In the event the individual *resumes employment with the Federal Government*, the entire time during which the employee was receiving compensation under this chapter shall be credited to the employee for the purposes of *within-grade step increases, retention purposes, and other rights and benefits based upon length of service.*

5 U.S.C. § 8151(a) (emphases added). Section 8151(b), relevant to the interpretation of subsection (a), provides:

> Under regulations issued by the [OPM]—

(1) [Full recovery within 1 year:] the department or agency which was the last employer shall immediately and unconditionally accord the employee, if the injury or disability has been overcome within one year after the date of commencement of compensation . . . , the *right to resume his former or an equivalent position*, as well as *all other attendant rights which the employee would have had, or acquired, in his former position had he not been injured or disabled, including the rights to tenure, promotion, and safe-guards in reductions-in-force procedures*, and

(2) [Full recovery after 1 year:] the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, *make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position* within such department or agency, or within any other department or agency.

5 U.S.C. § 8151(b) (emphases added).

Gallo argues that § 8151(a) provides restoration rights to federal employees, such as herself, who resume employment in their former positions, or in positions equivalent thereto, after recovering from a compensable injury, regardless of whether the employee remains otherwise employed by the federal government while receiving OWCP benefits under FECA. Gallo cites FECA's legislative history as evidence that Congress intended that "Federal employees . . . who are injured on the job and receiving disability compensation . . . *will incur no loss of benefits which they would have received absent the injury or disease.*" Appellant's Br. 17 (quoting S. Rep. No. 93-1081, reprinted in 1974 U.S.C.C.A.N. 5341, 5344) (em-

phasis added). According to Gallo, the Board was required to interpret FECA liberally to "to effectuate its humanitarian purposes, with exemptions and exceptions narrowly construed and doubts resolved in favor of the employee." *Id.* (quoting *Brown v. Jefferson*, 451 A.2d 74, 77 (D.C. 1982)). Gallo argues that, instead of resolving doubts in her favor, the Board "recognize[d] the apparent unfairness in the fact that an employee who remains off duty while injured potentially has greater statutory protection than one who works in another position while injured," *Board Decision* at 6, but nevertheless declined to interpret the ambiguous statute in favor of the employee. Appellant's Br. 21.

The Department counters that the Board correctly interpreted the language "resumes employment with the Federal Government" in § 8151(a) to require physical separation from the federal government. According to the Department, a reading of the statute that does not require physical separation renders the words "with the Federal Government" superfluous, and Congress would not have included the limiting phrase "with the Federal Government" if it did not intend to incorporate a physical separation requirement. The Agency contends that if the statute did not require physical separation, Congress would have clarified that "resumes employment" means "returning to the time of injury position, duties, or craft," which it did not do. Appellee's Br. 16 (citing 120 Cong. Rec. 27,675 (1974) ("The bill further helps to assure that Federal employees . . . who are injured on the job and *return to Federal employment* within 1 year, that during their period of disability they will incur no loss of benefits that they would have received absent the injury or disease.") (emphasis in Brief)). To the extent the statute provides greater protection to federal employees who remain "idle" while injured, the Department responds that "it is up to Congress to change the law." *Id.* 20. The Department also contends that the OPM's implementing regulations

interpreting 5 U.S.C. §§ 8151(a) and (b) exclude employees like Gallo, who accept a different position within the federal government at the same grade.

This court disagrees that § 8151(a) requires physical separation from the federal government. On its face, the language of the statute is ambiguous. On the one hand, it may be reasonable to interpret the statute as the Department argues—to require physical separation based on the presence of the modifier "with the Federal Government," modifying "resumes employment"; on the other hand, it is also just as reasonable to conclude that Congress included the phrase "with the Federal Government" simply to indicate that § 8151(a) applies only to Federal employees who resume employment within the federal government—i.e., not elsewhere, such as the private sector or state government. Interpreting the phrase "with the Federal Government" in this sense, the phrase is not superfluous.

FECA's legislative history indicates congressional intent to protect injured Federal employees who are receiving OWCP compensation under the Act, regardless of whether or where the injured employee worked while receiving that compensation. *See* S. Rep. No. 93-1081, reprinted in 1974 U.S.C.C.A.N. 5341, 5352 ("The amendment made by [§ 8151] would assure injured employees *who are able to return to work at some later date* that, during their period of disability, *they will incur no loss of benefits that they would have received were they not injured.*" (emphases added)); 120 Cong. Rec. 27,675 (1974) ("It is essential that injured or disabled employees of all covered departments and agencies . . . be treated in a fair and equitable manner. The Federal Government should strive to attain the position of being a model employer.").

The language of § 8151(a) stating that "the entire *time during which the employee was receiving compensation*

*under* [*FECA*] shall be credited" indicates that it is not separation from the federal government, but rather the entitlement to compensation under FECA that is the deciding factor in determining eligibility under § 8151(a). This court agrees with the dissenting opinion below that "Congress intended section 8151(a) to encompass situations, such as exists here, in which an employee resumes her former position or equivalent thereof after having been forced to leave it due to a compensable injury, but who remained otherwise employed by the Federal Government during the interim period while receiving OWCP compensation." *Board Decision* at 14 (Wagner, J. dissenting).

The Board's narrow interpretation of § 8151(a), to exclude employees who do not physically separate from the federal government, is contrary to the OPM's interpretation of the statute in its implementing regulations. OPM regulation 5 C.F.R. § 353.103(b) defines an eligible employee under § 8151(a) as one "who was *separated or furloughed from an appointment* without time limitation . . . as a result of a compensable injury"; and OPM regulations 5 C.F.R. §§ 353.301(a) and (b) define an eligible employee under §§ 8151(b)(1) and (2) to include an employee who "*accepts a lower-graded position in lieu of separation* and subsequently fully recovers" (emphases added). Gallo fits squarely within 5 C.F.R. § 353.103(b)'s definition of an eligible employee under 5 U.S.C. § 8151(a) as one who resumed employment after "separation . . . *from an appointment . . .* as a result of compensable injury." 5 C.F.R. § 353.103(b) (emphasis added). The Department admits that Gallo was separated from her ATCS "appointment," Oral Argument at 22:41-23:18, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/all/gallo.html.

Moreover, under 5 C.F.R. §§ 353.301(a) and (b), an injured employee who "accepts a lower-graded position *in*

*lieu of separation* and subsequently fully recovers" qualifies for restoration under § 8151(b). In *Gallo I*, this court explained that under "[s]ubsection (a) . . . , once an employee has been restored *as directed by subsection (b)*, the entire time during which the employee was receiving compensation must be credited for purposes of calculating rights and benefits that are based on length of service." 529 F.3d at 1349 (emphasis added). Thus, under the OPM's implementing regulations, to which we accord deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and under the statutory scheme as interpreted by this court, subsection (a) cannot properly be interpreted to require physical separation from the federal government. *See* 5 C.F.R. §§ 353.301(a) and (b); *Gallo I*, 529 F.3d at 1349.

Accordingly, this court holds that physical separation from the federal government is not required to "resume[] employment with the Federal Government" under § 8151(a). Because Gallo was undisputedly separated from her appointment as an ATCS, *see* 5 C.F.R. § 353.103(b), and because she received compensation under FECA during the entire period of her "separation," she qualifies for restoration benefits "based on length of service" under § 8151(a).

Because the court concludes that Gallo directly qualifies for any rights and benefits to which she may be entitled under § 8151(a), this court need not address whether Gallo was entitled to or received priority consideration for restoration under 5 U.S.C. § 8151(b)(2), despite the parties' extensive briefing on this issue.

B. "rights and benefits based upon length of service"

The Board determined that "even if [Gallo] had resumed employment with the Federal Government, she would not be entitled to the relief she seeks" because "the

benefits she seeks are not based upon length of service." *Board Decision* at 6.

i.

Gallo cites OPM regulation 5 C.F.R. § 353.107, which provides that an employee who is restored after compensable injury is "entitled to be treated as though he or she had never left," and argues that she is "entitled to both the pay and retirement credit that she would have received had she not been injured." Appellant Br. 27. According to Gallo, "benefits and pay increases are [] determined by an employee's service in a specific position," and not in government service generally. *Id.* at 29. Gallo's argument tracks the dissenting opinion below, which finds that benefits based on length of service, for example, within-grade pay increases, "are very much determined by an employee's service in a specific position." *Board Decision* at 16 (Wagner J., dissenting).

The Department counters that the benefits Gallo seeks are not benefits based on length of service. The Department argues that 5 U.S.C. § 8151(b)(1) confers to employees who fully recover within one year the right to immediate restoration "as well as *all other attendant rights* which the employee would have had, or acquired, in his former position had he not been injured." The Government goes on to point out, however, that because Gallo did not recover within one year, she is not entitled to be treated under that section and instead falls only under § 8151(a), under which an employee's rights are not as broad. *See Burtch v. U.S. Postal Serv.*, 47 M.S.P.R. 518, 521 (1991). According to the Department, Gallo already "received all rights and benefits based on length of service to which she was entitled, as her service as a Federal employee was uninterrupted during the entire time of her injury." Appellee's Br. 28. Although the legislative history indicates that injured employees will "incur no

loss of benefits" upon restoration, 120 Cong. Rec. 27,675, the Department argues that "that entitlement is not limitless." Appellee's Br. 28 (citing *Smit v. Dept. of Treasury*, 50 M.S.P.R. 492, 495-96 (1991) (the right to administratively uncontrollable overtime is not encompassed under either §§ 8151(a) or (b)(1)); *Burtch*, 47 M.S.P.R. at 522 (the right to earn sick and annual leave is not encompassed under either §§ 8151(a) or (b)(1)); *Nixon v. Dep't of Treasury*, 104 M.S.P.R. 189, 194 (2006) (no entitlement to restoration to a position of the same standing within the organization); and *True v. Office of Pers. Mgmt.*, 926 F.2d 1151, 1155-56 (Fed. Cir. 1991) (no entitlement to civil service retirement credit).

ii.

Because Gallo "resume[d] employment with the Federal Government" and made a claim for improper restoration under § 8151(a), she is entitled to "the rights and benefits based upon length of service" guaranteed in § 8151(a). The remaining question is whether seniority within the AT pay system and time credit "as if she had never left" her ATCS position are "right[s] and benefit[s] based upon length of service" under § 8151(a).

Section 8151(a) guarantees that "the entire time during which the employee was receiving compensation under this chapter shall be credited to the employee for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service." 5 U.S.C. § 8151(a). In turn, OPM regulation 5 C.F.R. § 353.107, which "tracks the language of [§] 8151(a)," *Gallo I*, 529 F.3d at 1349, provides that:

> Upon reemployment, an employee absent because of uniformed service or compensable injury is *generally entitled to be treated as though he or she had never left*. This means that a person who is

> reemployed following . . . full recovery from com-
> pensable injury receives credit for the entire pe-
> riod of the absence for purposes of rights and
> benefits based upon seniority and length of ser-
> vice, including within-grade increases, career ten-
> ure, completion of probation, leave rate accrual,
> and severance pay.

5 C.F.R. § 353.107 (emphasis added).

Although these "rights and benefits based upon length of service" seem to be broadly articulated, 5 C.F.R. § 353.107 uses the term "generally" in qualifying the language "entitled to be treated as though he or she had never left." Moreover, § 8151(a) must be interpreted in the context of the statutory scheme as a whole, so as not to render the language in § 8151(b)(1) superfluous. *See Gallo I*, 529 F.3d at 1349 ("Construing subsection (a) to have independent substantive force is required by 'the elementary canon of construction that a statute should be interpreted so as not render one part inoperative.'" (quoting *Colautti v. Franklin*, 439 U.S. 379, 392 (1979)). Indeed, Gallo agrees that § 8151(b)(1) conveys a broader scope of restoration rights to employees who return to service within one year of compensable injury than does § 8151(a), Oral Argument at 3:30-3:52, but contends that many of the rights guaranteed under §§ 8151(a) and (b)(1) may overlap, *id.* at 7:26-7:36.

The legislative history also supports the proposition that the scope of restoration rights guaranteed under § 8151(a)—which does not specify a period of absence—must be construed more narrowly than the scope of restoration rights under § 8151(b)(1)—which is limited to employees who return to employment within one year. While the Senate Committee Report indicates Congressional intent that § 8151 serves to "assure [that] injured employees who are able to return to work at some later

date . . . will incur no loss of benefits that they would have received were they not injured," S. Rep. No. 93-1081, reprinted in 1974 U.S.C.C.A.N. 5341, 5352, the legislative history also evidences a clear intention that the Act would provide greater protection for employees restored within one year:

> The bill further helps to assure that Federal employees . . . who are injured on the job *and return to Federal employment within 1 year . . .* will incur no loss of benefits that they would have received absent the injury or disease. Additionally, it provides a *guaranteed right* to an injured Federal employee *to return to his former or equivalent position if he recovers within 1 year.*

120 Cong. Rec. 27,675 (1974) (emphases added).

A comparison of §§ 8151(a) and (b)(1) is helpful to ascertain the restoration rights and benefits guaranteed under § 8151(a). Section 8151(b)(1) guarantees "all . . . attendant rights which the employee would have had, or acquired, *in his former position* had he not been injured or disabled, including the rights to tenure, promotion, and safeguards in reductions-in-force procedures. 35 U.S.C. § 8151(b)(1) (emphasis added). Section 8151(b)(1) specifically mentions the employee's former position, whereas § 8151(a) only references "time." § 8151(a) (guaranteeing *time credit* for the purposes of *"within-grade step increases, retention purposes,* and *other rights and benefits based on length of service"* (emphasis added)). Moreover, § 8151(b)(1) includes the right to merit or quality based "promotion" and "tenure," which are *not* based on time generally, but rather time in a specific position, and fall outside the scope of § 8151(a).

The Board considered the additional pay that Gallo seeks to be "based on length of service in a particular

position, i.e., an operational ATCS position, rather than length of service in government generally." *Board Decision* at 7 ("We find that the term 'length of service' in the statute refers to overall government service."). The Board reasoned that the specific examples of "rights and benefits based upon length of service" in § 8151(a)—within-grade step increases and retention rights—are *not* determined based on length of service in any specific position, but rather based on the completion of the requisite number of weeks of "creditable service," 5 C.F.R. § 531.405(a), which is defined as "[c]ivilian employment in any branch of the Federal Government," 5 C.F.R. § 531.406(a). *Board Decision* at 8.

While we agree that under 5 C.F.R. §§ 531.405(a) and 531.406(a), "creditable service" is based on government service generally, we disagree with the Board's conclusion that Gallo is not entitled to the *time* that she spent serving the government as an automation specialist. Indeed, the Board even states that "OPM's regulations specifically contemplate combining service in different positions for purposes of completing the waiting period [required for a within-grade pay increase]." *Board Decision* at 10. When Gallo was restored to her ATCS position, and later promoted, she was entitled to her creditable service time— which the Department admits includes service in any branch of the federal government, and thus *must include Gallo's service time as an automation specialist*. The Board erred to the extent it held that Gallo would not be entitled to her service *time* as an automation specialist, and that this *time* could not be credited to her for the purposes of determining her appropriate rating or "grade" within the AT system.

When Gallo was restored to her ATCS position, and later promoted, she was entitled to her creditable service time towards the equivalent of "within grade step-increases" in the AT pay system, based on creditable

service *time*. We hold that Gallo was not entitled to position specific promotions (i.e., promotions not based solely on creditable service time), however, which fall outside of her benefits based on "length of service" with the federal government generally. Accordingly, this court remands to the Board for the Board to: (1) reinstate Gallo's creditable service time as an automation specialist; (2) determine Gallo's appropriate seniority level and corresponding pay under the AT compensation system based upon her creditable service time, including her time spent serving as an automation specialist (the AT compensation system is not present in the record on appeal, and thus we do not hold one way or another whether her creditable service time will or will not impact her compensation level in the AT pay system, and leave this inquiry to the Board on remand); and (3) award Gallo any additional compensation to which she was entitled, effective to the date of her restoration to the supervisory ATCS position. *See* 49 U.S.C. § 4122(g)(2) (Feb. 14, 2012 amendment) (The Board possesses authority to award compensation under the Back Pay Act.).

Gallo is not entitled to the retirement credit she seeks because this court unequivocally held in *True* that § 8151(a) does not encompass civil service retirement credit, a right based on *actual employment* time, not including time that an employee was receiving OWCP compensation under FECA. 926 F.2d at 1156.

## III. CONCLUSION

For the foregoing reasons, this court reverses the decision of the Board with respect to the statutory interpretation of "resumes employment with the Federal Government," and remands for determination of the "rights and benefits based on length of service" to which Gallo is entitled consistent with this opinion.

**REVERSED AND REMANDED**