# United States Court of Appeals for the Federal Circuit

---

**JANE L. GALLO,**
*Petitioner,*

v.

**DEPARTMENT OF TRANSPORTATION,**
*Respondent.*

---

2011-3094

---

Petition for review of the Merit Systems Protection Board in No. AT0353000909-B-1.

---

Decided: August 5, 2013

---

WILLIAM L. BRANSFORD, Shaw, Bransford & Roth, PC, of Washington, DC, filed an application for attorney fees for petitioner. With him on the application was MARIA N. COLEMAN.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the application for attorney fees for respondent. With him on the response were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director. Of counsel on the response was THERESA D. DUNN, Office of the Regional

Counsel, Federal Aviation Administration, of Fort Worth, Texas.

—————————————

Before CLEVENGER, BRYSON, and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

Jane L. Gallo ("Gallo") requests attorney fees under the Back Pay Act, 5 U.S.C. § 5596, and Federal Circuit Rule 47.7 ("Rule 47.7"). Because this court lacks the statutory authority to award attorney fees under the Back Pay Act to employees of the Federal Aviation Administration ("FAA"), Gallo's request is denied.

## I. BACKGROUND

A full description of the factual and procedural background of the present case is provided in *Gallo v. Department of Transportation*, 689 F.3d 1294 (Fed. Cir. 2012) ("*Gallo II*"). Gallo was employed by the Department of Transportation ("Department") FAA as an air traffic control specialist ("ATCS") and "experienced a compensable job-related injury." *Id.* at 1295. Gallo initially returned to her ATCS position on light duty status, but lost her medical certification and was assigned to a non-operational automation specialist position. Around the time of her recovery, Gallo applied for and obtained a supervisory ATCS position. Gallo asserted before the Merit Systems Protection Board ("Board") that the FAA "violated 5 U.S.C. § 8151(a) by failing to adjust her salary to provide pay benefits that the [FAA] granted to operational ATCS employees while she served as an automation specialist." *Gallo II*, 689 F.3d at 1296. The administrative judge ("AJ") dismissed Gallo's appeal for lack of jurisdiction, and Gallo did not appeal or seek reconsideration. Gallo later filed a discrimination complaint with the Department, which was dismissed, and a complaint in the United States Court of Federal Claims

("Claims Court"), which the Claims Court dismissed. This court affirmed the Claims Court but suggested that the Board reopen Gallo's appeal. *Gallo v. United States*, 529 F.3d 1345, 1352 (Fed. Cir. 2008) ("*Gallo I*") ("[W]e assume that the Board would look favorably on a motion to reopen."). Subsequently, the Board did in fact reopen Gallo's appeal and dismissed for failure to state a claim, which Gallo then appealed to this court. *Gallo II*, 689 F.3d 1294. This court reversed and remanded, directing the Board to

> (1) reinstate Gallo's creditable service time as an automation specialist; (2) determine Gallo's appropriate seniority level and corresponding pay under the AT compensation system based upon her creditable service time, including her time spent serving as an automation specialist . . . ; and (3) award Gallo any additional compensation to which she was entitled, effective to the date of her restoration to the supervisory ATCS position. *See* 49 U.S.C. § 40122(g)(2) [sic[1]] (Feb. 14, 2012 amendment) (The Board possesses authority to award compensation under the Back Pay Act.).

*Gallo II*, 689 F.3d at 1302. On remand, the AJ ordered the Department "to pay [Gallo] . . . for the appropriate amount of back pay, with interest and to adjust benefits with appropriate credits and deductions in accordance with the Back Pay Act and the . . . regulations implementing the Back Pay Act as those authorities existed as of March 31, 1996." *Gallo v. Dep't of Transp.*, No. AT-0353-00-0909-B-2, slip op. at 5 (MSPB Jan. 10, 2013). This initial decision became final on February 14, 2013.

---

[1]    While the opinion cites § 40122(g)(2), it is clear from the context that the court intended to reference § 40122(g)(3).

Gallo requests that this court award attorney fees incurred in the Claims Court and in her appeals to this court in *Gallo I* and *Gallo II* based on the Back Pay Act and Rule 47.7.

## II. DISCUSSION

### A. The Legal Framework

Under Rule 47.7, this court "may award attorney fees and expenses when authorized by law." 49 U.S.C. § 40122(g)(2) exempts the FAA from the provisions of title 5, except for those specifically listed in that section. § 40122(g)(2) ("The provisions of title 5 shall not apply to the new personnel management system developed and implemented pursuant to paragraph (1), with the exception of— . . . ."). The Back Pay Act is found in title 5 and is not listed in § 40122(g)(2). Prior to 2012, this court concluded that the language of § 40122(g)(3) did not "purport to restore any remedy under the Back Pay Act." *Gonzalez v. Dep't of Transp.*, 551 F.3d 1372, 1375 (Fed. Cir. 2009). At that time, § 40122(g)(3) stated,

> "Under the new personnel management system developed and implemented under paragraph (1), an employee of the Administration may submit an appeal to the Merit Systems Protection Board and may seek judicial review of any resulting final orders or decisions of the Board from any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996."

*Gonzalez*, 551 F.3d at 1375 (quoting § 40122(g)(3)). Thus, prior to 2012, it was clear that the Back Pay Act did not apply to the FAA. *See id.* at 1375-77.

In 2012, § 40122(g)(3) was amended by adding the language "Notwithstanding any other provision of law, retroactive to April 1, 1996, the Board shall have the

same remedial authority over such employee appeals that it had as of March 31, 1996." FAA Modernization and Reform Act of 2012, Pub. L. No. 112-95, § 611, 126 Stat. 11, 117 ("2012 Amendment") (internal quotation marks omitted). The present issue is whether this court has the authority to award attorney fees under the Back Pay Act based on the language added to § 40122 by the 2012 Amendment.

## B. The Parties' Arguments

While the parties make multiple arguments, this court need only reach the arguments on the dispositive issue of its statutory authority to award attorney fees in the present circumstances.

The government argues that the 2012 Amendment did not subject the FAA to the Back Pay Act because it did not list the Back Pay Act in § 40122(g)(2) as a section of title 5 applicable to the FAA. The government argues that, instead, the 2012 Amendment provided the Board, and only the Board, with the authority to provide the relief to FAA employees that was available under the Back Pay Act on March 31, 1996. Thus, the government argues that this court lacks the statutory authority to consider Gallo's request for attorney fees.

Gallo argues that this court has the authority to award attorney fees because it reviews the Board. Gallo also notes that *Gallo II* cited the Back Pay Act and that this court is the appropriate forum in which to request attorney fees incurred in appeals to this court.

## C. Authority to Award Attorney Fees

Under Rule 47.7, this court must itself be authorized by law to award attorney fees. Contrary to Gallo's argument, merely because this court is authorized to review a tribunal that is statutorily authorized to award attorney

fees, does not mean that this court itself is authorized by that same statute to award attorney fees in the first instance. These principles are demonstrated by this court's recognition of the need to examine the independent statutory bases of the authority of the Board and this court before determining the propriety of a fee award.

For example, the Board in certain circumstances may award attorney fees for work before it when attorney fees are not available under the same statute for work done before this court. *See Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As we have previously observed, [5 U.S.C.] section 7701(g) is not a provision under which fees may be awarded for services in connection with a judicial proceeding." (citing *Olsen v. Dep't of Commerce*, 735 F.2d 558, 560-61 (Fed. Cir. 1984), *superseded by statute not in relevant part*, Act of Aug. 5, 1985, Pub. L. No. 99-80, 99 Stat. 183, *as recognized in Chiu v. United States*, 948 F.2d 711, 714-15 (Fed. Cir. 1991))); *Olsen*, 735 F.2d at 560-61 ("The Board's authority under . . . [5 U.S.C. § 7701](g)(1) to award attorney's fees necessarily relates to fees incurred in those administrative proceedings. Judicial review of Board decisions is governed by section 7703, which contains no provision authorizing the award of attorney's fees incurred in the judicial proceedings. The Board has no authority to award attorney's fees for services rendered in connection with judicial review of a Board decision."). Conversely, this court has the statutory authority to award attorney fees incurred in appeals when the Board is not authorized to award attorney fees under the same statute. *See Gavette v. Office of Pers. Mgmt.*, 808 F.2d 1456, 1461-62 (Fed. Cir. 1986) (en banc) (noting that *Olsen* held that the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412, "does not apply to proceedings before the board in cases involving 'tenure'" and treating the "request for attorney fees for proceedings before the board as a request under the Back Pay Act," but "reaffirm[ing]" *Olsen*'s holding that "the EAJA applies to appeals from

the board to the Federal Circuit, because such appeals are judicial proceedings or 'civil actions' under 28 U.S.C. § 2412(d)(1)(A)"). We therefore hold that this court does not derive its authority to award attorney fees from the Board's authority to do so and must have its own statutory authorization to award attorney fees.

Gallo is correct that this court is the appropriate forum in which to request attorney fees incurred in proceedings before this court. *See Phillips*, 924 F.2d at 1581 ("We conclude that a request for attorney fees under the Back Pay Act for services rendered in judicial proceedings must, as in the case of an EAJA request, be directed to this court."); *see also Gavette*, 808 F.2d at 1468 ("[W]hen attorney fees and expenses are authorized in connection with an appeal, the amount of the award for such fees and expenses shall be determined by this court."). But that does not obviate the need for statutory authorization before this court can make such an award.

When the Back Pay Act applies, it provides this court with the statutory authority to award attorney fees. *See Ramos v. Dep't of Justice*, 552 F.3d 1356, 1358, 1362 (Fed. Cir. 2009) (providing "a mechanism by which [a party] can now apply to this court for attorney fees that are authorized by the Back Pay Act" because "Congress wanted a party . . . to have an opportunity to apply for fees not only before the agency but also on judicial appeal," and granting the party "20 days within which to submit an attorney fee request under the Back Pay Act"); *see also Olsen*, 735 F.2d at 563 ("[T]he language of the Back Pay Act 'is sufficiently broad to include attorney's fees for services rendered in administrative or judicial appeals . . . .'") (ellipsis in original) (quoting *Hoska v. U.S. Dep't of the Army*, 694 F.2d 270, 273 (D.C. Cir. 1982))). We turn now to the question of whether the 2012 Amendment allows this court to provide attorney fees under the Back Pay Act to an FAA employee.

## D.  Section 40122(g)(3)

In interpreting § 40122,

> [t]his court affords those statutory terms their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.  In the absence of ambiguity, the meaning of the statutory language governs.

> Because [the present] claim invokes the Back Pay Act, 5 U.S.C. § 5596, which involves a waiver of the government's sovereign immunity, this court must strictly construe the relevant provisions of § 40122 in favor of the government. . . . Thus, this court may only sustain [the] claim if the unambiguous text of § 40122 shows that the United States has waived sovereign immunity . . . .

*Gonzalez*, 551 F.3d at 1374-75 (citations omitted) (internal quotation marks omitted).

*Gallo II* recognized that the 2012 Amendment provides *the Board* remedial authority under the Back Pay Act. *See Gallo II*, 689 F.3d at 1302 ("[T]his court remands to the Board for the Board to . . . award Gallo any additional compensation to which she was entitled . . . . *See* 49 U.S.C. § 40122(g)([3]) (Feb. 14, 2012 amendment) (The Board possesses authority to award compensation under the Back Pay Act.).").  *Gallo II* did not resolve whether *this court* has the statutory authority to award attorney fees based on the 2012 Amendment to § 40122(g)(3).

The 2012 Amendment to § 40122(g)(3) on its face provides the Board, not this court, the same remedial authority that it had on March 31, 1996.  2012 Amendment § 611, 126 Stat. at 117 ("[T]he *Board* shall have the same remedial authority over such employee appeals that it

had as of March 31, 1996." (emphasis added) (internal quotation marks omitted)). This interpretation is further supported by the contrast between the language of the 2012 Amendment that refers only to the Board and the preceding language in § 40122(g)(3) that specifically references judicial review. *See* § 40122(g)(3) ("[A]n employee of the [FAA] may submit an appeal to the Merit Systems Protection Board and may seek *judicial review* of any resulting final orders or decisions of the Board from any action that was appealable to the Board . . . as of March 31, 1996." (emphasis added)). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal quotation marks and alteration marks omitted). *But see City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 435-36 (2002) ("The *Russello* presumption—that the presence of a phrase in one provision and its absence in another reveals Congress' design—grows weaker with each difference in the formulation of the provisions under inspection.").

The ordinary meaning of the language added to § 40122(g)(3) by the 2012 Amendment, which lacks any reference to this court, indicates that the Board alone is provided with the described remedial authority. While the portions of § 40122 related to the Back Pay Act must be construed in favor of the government, no language in § 40122(g)(3) supports the conclusion that this court itself is authorized to apply the Back Pay Act. Thus, while the language of § 40122(g)(3), including the 2012 Amendment, provides this court with the authority to review the Board and provides the Board with the authority to apply the Back Pay Act, it does not provide this court itself with the authority to award attorney fees under the Back Pay Act.

Additionally, the Board could not award attorney fees for services in this court on March 31, 1996, and so such an award is not "the same remedial authority" that the Board had on March 31, 1996. *See Phillips*, 924 F.2d at 1581 (vacating the Board's decision to the extent that it awarded attorney fees for services before this court and concluding that "a request for attorney fees under the Back Pay Act for services rendered in judicial proceedings must . . . be directed to this court"). Therefore, the language of the statute neither grants this court the authority to award attorney fees under the Back Pay Act nor includes such an award as part of the authority granted to the Board.

The legislative history of the 2012 Amendment is consistent with this interpretation of § 40122(g)(3). The Senate version of the relevant bill included the language ultimately added to § 40122(g)(3). *See* H.R. 658, 112th Cong. § 707 (as amended and passed by Senate, Apr. 7, 2011) ("Senate Bill"); H.R. Rep. No. 112-381, at 237 (2012) (Conf. Rep.) (describing section 707 of the Senate Bill and stating that the House Bill has "[n]o similar provision"). The Conference Report described the relevant section of the Senate Bill as providing "technical corrections to guarantee that the Merit Systems Protection Board has jurisdiction to investigate claims made against FAA, and has the enforcement ability at the agency that it does for all other federal employees." H.R. Rep. No. 112-381, at 237. This indicates, consistent with the language of the statute, that the relevant portion of the 2012 Amendment was focused on the *Board's* authority. This language indicates no intention to allow *this court* to award attorney fees under the Back Pay Act against the FAA.

E.  Section 40122(g)(2)

The government is correct that the 2012 Amendment did not amend § 40122(g)(2) to apply the Back Pay Act generally to the FAA, and this position is fully consistent

with the legislative history of the 2012 Amendment. The Senate Bill that included the language ultimately added to § 40122(g)(3) also sought to add an exception to § 40122(g)(2) for "(J) section 5596, relating to back pay," Senate Bill § 707 (internal quotation marks omitted), such that the Back Pay Act would apply directly to the FAA, *see* H.R. Rep. No. 112-381, at 237 ("Section 707(4) (J) restores application of the Back Pay Act to FAA employees prospectively (i.e., does not have retroactive application to previously decided [Board] cases)."). The Conference Report did not adopt this portion of the Senate Bill, *id.*, and the enacted statute lacks the Senate Bill's language that would have applied the Back Pay Act generally to the FAA. Thus, Congress expressly considered and rejected generally applying the Back Pay Act to the FAA, which further counsels against this court broadly construing § 40122(g)(3) to allow this court to award attorney fees.

Prior to the 2012 Amendment, this court concluded that the Back Pay Act did not apply to the FAA:

> The Back Pay Act falls in Title 5 and may only operate in favor of FAA employees if § 40122 grants an exception. While § 40122(g)(2) lists eight exceptions to the FAA's exemption from Title 5, none of these exemptions includes the Back Pay Act, under which Gonzalez seeks relief. This omission is of no small consequence. Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied in the absence of evidence of a contrary legislative intent. With the additional obligation to construe this proposed waiver of sovereign immunity strictly, this court cannot create an exception that makes the Back Pay Act available to FAA employees where the language of § 40122 denies that remedy.

*Gonzalez*, 551 F.3d at 1375 (citation omitted) (internal quotation marks omitted). The 2012 Amendment to § 40122(g)(3) indicates the legislative intent to allow the Board to provide relief under the Back Pay Act, in much the same way as other language in § 40122(g) incorporates by reference the statutes governing appeals to the Board. *See Roche v. Merit Sys. Prot. Bd.*, 596 F.3d 1375, 1380 (Fed. Cir. 2010) ("When Congress restored to FAA employees the appeal rights that they had before the DOT Act went into effect on April 1, 1996, therefore, we find that Congress incorporated by reference 'law[s], rule[s], and regulation[s]' like the one allowing the appeal of removals set forth in § 7512 and § 7513." (alterations in original)). But the 2012 Amendment to § 40122(g)(3) provides no indication of a legislative intent to more generally apply the Back Pay Act against the FAA or to allow this court to award attorney fees under the Back Pay Act against the FAA, particularly in light of the legislative history related to § 40122(g)(2). Thus, while the above reasoning from *Gonzalez* is no longer applicable to the Board's remedial authority under the Back Pay Act in light of the 2012 Amendment, it remains applicable to this court's inability to award attorney fees under the Back Pay Act.

## III. CONCLUSION

For the foregoing reasons, this court lacks the statutory authority to award Gallo attorney fees, and so denies Gallo's application.

## DENIED

## COSTS

Each party shall bear its own costs.