NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGEL DAVID MORALES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3150

---

Petition for review of the Merit Systems Protection Board in No. NY-0353-14-0030-I-1.

---

Decided: November 10, 2015

---

ANGEL DAVID MORALES, Guaynabo, PR, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Angel David Morales seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Because we find no error in the Board's dismissal, we *affirm*.

## BACKGROUND

In February 1997, Mr. Morales was employed by the United States Postal Service as a Distribution Window Clerk in San Juan, Puerto Rico. At the time, Mr. Morales received an annual base salary of $35,409 based on his status as a Grade 5, Step K employee. On or around February 27, 1997, Mr. Morales was injured on the job, after which Mr. Morales applied for and was granted Office of Workers' Compensation Programs (OWCP) benefits based on his compensable injury. Mr. Morales received OWCP benefits from February 1997 to September 2013, when Mr. Morales requested that he be fully restored to his former position. The Postal Service restored Mr. Morales to his former position on September 16, 2013, as a Grade 6, Step O employee with an annual base salary of $54,777. On September 21, 2013, Mr. Morales bid on and was awarded a position as a Sales and Distribution Associate at the same grade, step, and annual base salary.

On October 24, 2013, Mr. Morales filed an appeal with the Board, alleging that his restoration was improper because the Postal Service failed to credit his time spent receiving OWCP benefits for purposes of calculating sick and annual leave, Social Security, Thrift Savings Plan contributions, Medicare, retirement, and life insurance. The administrative judge acknowledged the Postal Service's obligation to provide Mr. Morales with all benefits based on length of service he would have received but for his compensable injury, but explained that the benefits Mr. Morales seeks are not benefits based upon length of service. The administrative judge therefore dismissed the

appeal for lack of jurisdiction because Mr. Morales had failed to nonfrivolously allege that the Postal Service's restoration was improper.

On August 17, 2014, Mr. Morales petitioned the Board to review the administrative judge's initial decision. The Board explained that under 5 U.S.C. § 8151(a), a restored employee is entitled to credit for the time during which the employee received OWCP benefits "for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service." Because the benefits Mr. Morales seeks are not contemplated by § 8151(a), the Board concluded that the Postal Service's restoration was not improper. The Board therefore dismissed Mr. Morales' appeal for lack of jurisdiction on March 31, 2015. Mr. Morales' appeal to this court followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Whether the Board has jurisdiction is a question of law reviewed de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board's jurisdiction is "limited to actions made appealable to it by law, rule or regulation." *Id.* Mr. Morales, as the petitioner, has the burden of proving the Board's jurisdiction through nonfrivolous allegations supported by preponderant evidence. *See* 5 C.F.R. § 1201.56(a)(2); *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1332 (Fed. Cir. 2006).

We agree with the Board that Mr. Morales has failed to meet his burden. As for Mr. Morales' claim to retirement benefits, this court has held that non-actual service, such as time spent receiving OWCP benefits, does not count toward fulfilling retirement annuity credit requirements. *See True v. Office of Pers. Mgmt.*, 926 F.2d 1151, 1156 (Fed. Cir. 1991) ("Congress considered and rejected the possibility of allowing FECA beneficiaries to count non-actual service toward fulfilling the retirement annuity credit requirements of section 8344(a)."); *Gallo v. Dep't of Transp.*, 689 F.3d 1294, 1302–03 (Fed. Cir. 2012) ("[T]his court unequivocally held in *True* that § 8151(a) does not encompass civil service retirement credit, a right based on actual employment time, not including time that an employee was receiving OWCP compensation under FECA."). Mr. Morales' claim to sick and annual leave similarly fails because sick and annual leave are not rights based upon length of service. *Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1384 (Fed. Cir. 2008) (failure to credit sick and annual leave "is not an allegation of failure to credit time spent on compensation for purposes of rights and benefits based upon length of service").

As for Mr. Morales' claim to Social Security benefits, Thrift Savings Plan contributions, Medicare, and life insurance, the Board correctly concluded that these benefits are beyond the scope of § 8151(a). Social Security, Thrift Savings, and Medicare contributions are based on an employee's salary. *See* 5 U.S.C. § 8422 (Thrift Savings); 26 U.S.C. § 3101 (Social Security and Medicare). Life insurance contributions, though not directly dependent on salary, are withdrawn from an employee's regular pay. *See* 5 U.S.C. § 8707. Mr. Morales was not earning a regular salary from the Postal Service during the time he received OWCP benefits. OWCP benefits are not considered salary but rather compensation for injury. *See* 5 U.S.C. §§ 8102(a) and 8101(12); *Roja v. Dep't of Navy*, 55 M.S.P.R. 618, 621 (M.S.P.B. Nov. 24, 1992). The Postal

Service was therefore not required to credit Mr. Morales with Social Security, Thrift Savings Plan, Medicare, or life insurance contributions during the time he was receiving OWCP benefits.

Mr. Morales' arguments to the contrary are not persuasive. Mr. Morales argues that the Board incorrectly applied 5 U.S.C. § 8332(f), which he argues entitled him to credit for civil service retirement during his absence from actual service. A similar argument was considered and rejected by this court in *True*. *See* 926 F.2d at 1156 ("Like section 8151(a), section 8332(f) makes no reference to . . . civil service retirement annuities . . . ."). It is well-settled that § 8151(a) does not encompass civil service retirement credit. *Gallo*, 689 F.3d at 1302–03.

Mr. Morales also argues that the Board's electronic appeal application led him to believe that the Board had jurisdiction because the application stated that an employee could appeal a decision by a "Federal Agency Affecting . . . Rights or Benefits." A general summary of the Board's jurisdiction, however, is not controlling. The Board's jurisdiction extends only as far as law, rule, or regulation allows. *See* 5 U.S.C. § 7701(a); *Forest*, 47 F.3d at 410.

Finally, Mr. Morales argues that the Postal Service did not credit him with the proper amount of leave based on his leave accrual rate. The record does not support this allegation. The record indicates that upon restoration, Mr. Morales' leave accrual rate was set at the correct rate of 8 hours per pay period. We therefore affirm the Board's decision dismissing Mr. Morales' appeal.

**AFFIRMED**