# United States Court of Appeals for the Federal Circuit

---

**MARK EDENFIELD,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2021-2001

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-19-0440-W-2.

---

## ON APPLICATION

---

NATHANIEL M. EDENFIELD, Sodhi Spoont PLLC, West Palm Beach, FL, for petitioner. Also represented by ERIC SODHI, Miami, FL.

DOMENIQUE GRACE KIRCHNER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before CHEN, BRYSON, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Dr. Mark Edenfield seeks an award of appellate attorney fees and costs under the Whistleblower Protection Act following this Court's opinion reversing and remanding a judgment from the Merit Systems Protection Board. Because this Court is not authorized to award attorney fees under this statute, we deny the application.

I

On June 3, 2021, Dr. Edenfield appealed a decision of the Board dismissing his request for corrective action, arguing that the Board erred in finding that certain disclosures he made during his employment were not protected under 5 U.S.C. § 2302(b)(8). We agreed and reversed the Board's determination that the disclosures were not protected and remanded the case for further proceedings.[1] Following that decision, Dr. Edenfield submitted the current application asking this Court to award attorney fees and costs under the Whistleblower Protection Act (WPA), specifically 5 U.S.C § 1221(g)(3).

II

Traditionally, "[u]nder the doctrine of sovereign immunity, the federal government . . . is immune to an award of money damages, except to the extent that the government has explicitly waived such immunity." *M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1180 (Fed. Cir. 1993) (citation omitted). Such waivers of sovereign immunity must be strictly construed in favor of the federal

---

[1]    A full description of the factual and procedural background of this case, as well as this Court's reasoning for reversing and remanding, can be found at *Edenfield v. Department of Veterans Affairs*, 54 F.4th 1357 (Fed. Cir. 2022).

government. *United States v. Nordic Vill. Inc.,* 503 U.S. 30, 33–34 (1992). Allowing an award of attorney fees under the WPA is a waiver of sovereign immunity, and therefore the language of § 1221(g) must be strictly construed.

Furthermore, Federal Circuit Rule 47.7 limits this Court's ability to award attorney fees and reasonable expenses to situations where we are authorized by law to do so. In the absence of such statutory authorization, we lack the ability to award attorney fees. Indeed, "[u]nder Rule 47.7, this Court must *itself* be authorized by law to award attorney fees." *Gallo v. Dep't of Transp.,* 725 F.3d 1306, 1308 (Fed. Cir. 2013) (emphasis added). This Court cannot "derive its authority to award attorney fees from the Board's authority to do so and must have its own statutory authorization to award attorney fees." *Id.* at 1309.

### III

Dr. Edenfield seeks an award of attorney fees only under § 1221(g), which outlines the types of correction action available to the Board in an individual right of action case under the WPA. It provides in relevant part that:

> (g)(1)(A) If the Board orders corrective action under this section, such corrective action may include—
>
> . . .
>
> (ii) back pay and related benefits, medical costs incurred, travel expenses, any other reasonable and foreseeable consequential damages, and compensatory damages (including interest, reasonable expert witness fees, and costs).
>
> (B) Corrective action shall include attorney's fees and costs as provided for under paragraphs (2) and (3).
>
> (2) If an employee . . . is the prevailing party before the Merit Systems Protection Board, . . . the agency involved shall be liable to the employee . . .

for reasonable attorney's fees and any other reasonable costs incurred.

(3) If an employee . . . is the prevailing party in an appeal from the Merit Systems Protection Board, the agency involved shall be liable to the employee . . . for reasonable attorney's fees and any other reasonable costs incurred, regardless of the basis of the decision.

5 U.S.C. § 1221(g).

This statute clearly lays out the conditions and procedure for awarding attorney fees in an individual right of action case under the WPA. First, § 1221(g)(1)(A) explicitly gives *the Board* the authority to "order corrective action." Next, § 1221(g)(1)(B) states that "corrective action shall include attorney's fees and costs" in the two scenarios provided for in paragraphs (2) and (3). Section 1221(g)(2) provides for an award of attorney fees in proceedings "*before* the Merit Systems Protection Board," and § 1221(g)(3) provides for an award of attorney fees incurred "in an *appeal from* the Merit Systems Protection Board." When tracking the language of this statute, two things are clear: first, the Board, and *only* the Board, has the authority to order corrective action, including attorney fees; and second, the authority to award attorney fees extends to proceedings where an employee appeals a decision *from* the Board to this Court, because this Court has jurisdiction over appeals of individual right of action decisions under the WPA.

However, no part of § 1221(g) grants *this Court* the authority to award attorney fees in an action brought under the WPA. When construed narrowly as required by precedent, the plain language of § 1221(g) only allows *the Board* to award attorney fees in appeals from the Board.

Dr. Edenfield first argues that this Court is the proper forum to grant attorney fees because "[t]he Federal Circuit is in a better position than the [B]oard to determine the

amount of fees and expenses to be awarded in connection with the appeal," quoting our decision in *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1468 (Fed. Cir. 1986). Mot. at 8–9. But in *Gavette*, the employee sought attorney fees and expenses under the Equal Access to Justice Act (EAJA). The EAJA is an entirely different statute that does, in fact, allow this Court to award attorney fees. *Id.* at 1460–61 (quoting 28 U.S.C. § 2412(b) (allowing an award of attorney fees and reasonable costs by "any court having jurisdiction [over such] action")). Unlike the EAJA, the WPA does not contain any language that would allow us to grant an award of attorney fees. Strictly construed, the statute *only* allows the Board to grant an award of attorney fees, and that authority cannot be extended to this Court. *Gallo*, 725 F.3d at 1309.

Dr. Edenfield also argues that § 1221(g) and 5 C.F.R. § 1201.202, which lists various statutes that authorize the Board to award fees, are silent as to the Board's authority to award fees for appeals to this Court, and therefore the authority lies with this Court. We disagree. As discussed above, § 1221(g)(3) specifically allows the Board to order attorney fees in an appeal from the Board. And we have previously recognized that the Board has the authority to award attorney fees under § 1221(g). *See Hickey v. Dep't of Homeland Sec.*, 766 F. App'x 970, 974 (Fed. Cir. 2019) (recognizing that the Board may require a payment of attorney fees under § 1221(g)); *Carson v. Dep't of Energy*, 64 F. App'x 234, 237 (Fed. Cir. 2003) (reviewing a grant of attorney fees by the Board in a case brought under the WPA). As to the regulation, Dr. Edenfield is correct that it does not refer to § 1221(g)(3) but explicitly recites other provisions of § 1221. The regulation, however, also explains that the recited list of statutes is not exclusive, and thus the regulation does not preclude the Board from awarding fees under § 1221(g)(3). *See* 5 C.F.R. § 1201.202(a) ("These statutory authorities include, *but are not limited to*, the following

authorities . . . ." (emphasis added)). And even if both the statute and regulation were silent on the Board's authority to award attorney fees, that would not change the fact that § 1221(g) does not grant *this Court* the authority to award attorney fees in an action brought under the WPA. *See Erickson v. U.S. Postal Serv.*, 759 F.3d 1341, 1345 (Fed. Cir. 2014) ("[T]here must be an independent statutory authorization for the court to award fees."). Because this Court does not have independent statutory authority to grant an award of attorney fees under the WPA, and Dr. Edenfield has not argued for a grant of attorney fees under any other statute, we cannot grant Dr. Edenfield's application.[2]

Accordingly,

IT IS ORDERED THAT:

Dr. Edenfield's application for an award of appellate attorney fees and costs is denied.

FOR THE COURT

| March 7, 2023 | /s/ Peter R. Marksteiner |
|---|---|
| Date | Peter R. Marksteiner |
| | Clerk of Court |

---

[2]    We express no opinion as to whether Dr. Edenfield is entitled to an award of attorney fees from the Board for this appeal.