# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGEL DAVID MORALES,
         Appellant,

      v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
NY-0353-14-0030-I-1

DATE: March 31, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Angel David Morales</u>, Guaynabo, Puerto Rico, pro se.

<u>Leslie L. Rowe</u>, Esquire, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which found that the Board lacks jurisdiction over his claims that the agency failed to properly credit him for annual and sick leave, Social Security benefits, Thrift Savings Plan (TSP) contributions, Medicare, retirement, and life insurance after he returned to work following full recovery from a compensable injury after more

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

than 16 years. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision as MODIFIED by this order to add further analysis supporting the administrative judge's conclusion that the appellant did not make a nonfrivolous allegation that the agency violated his restoration rights. We have considered the appellant's alternative assertion that the Board has jurisdiction over the agency's decision not to award him retirement credit as an administrative action or order affecting his rights or interests under federal retirement law, but we conclude that the Board lacks jurisdiction over this claim in the absence of a final decision from the Office of Personnel Management (OPM).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The following facts are undisputed: (1) the appellant was injured while on duty as a Distribution Window Clerk on or around February 27, 1997; (2) at the time he was injured, he was a Grade 05, Step K level and had a salary of $35,409.00; (3) he received Office of Workers' Compensation Programs (OWCP) payments until approximately September 16, 2013, when he was restored to a Distribution Window Clerk position at the Grade 6, Step O level with a salary of

$54,777.00; (4) on September 21, 2013, he was awarded the Sales and Services Distribution Associate position that he had bid on, with the same annual base salary, grade, and step. *See* Initial Appeal File (IAF), Tab 19, Exhibits A-C. The appellant apparently filed two separate Board appeals in October 2013, but only one docket number was generated. *See* IAF, Tab 1. In the first appeal, the appellant alleged that the agency did not properly credit him for annual and sick leave, Social Security, TSP contributions, Medicare, retirement, and life insurance, for the duration of his time that he had received OWCP benefits, he checked the box indicating that the agency action that he was appealing was "[f]ailure to restore/reemploy/reinstate or improper restoration/reemployment/ reinstatement," and he relied on 5 U.S.C. § 8151(a) and 5 C.F.R. §§ 353.107, 353.304(a) to support his assertions. *See* IAF, Tab 1 at 1-8. The second appeal contained the same factual narrative as the first appeal, but the appellant appeared to be appealing an OPM or agency retirement decision or action. *See id.* at 9-17.

¶3       The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 28, Initial Decision (ID). In pertinent part, she found that the appellant's two appeals were "duplicative," and she primarily analyzed the appellant's assertions as a potential restoration appeal. *See* ID at 2 n.2. The administrative judge discussed relevant precedent from the Board and the U.S. Court of Appeals for the Federal Circuit, and she concluded that the appellant did not make a nonfrivolous allegation of Board jurisdiction over his restoration appeal. *See* ID at 6-10. She briefly added that the appellant failed to make a nonfrivolous allegation that his retirement had been affected. ID at 9. In light of her jurisdictional ruling, the administrative judge stated that she need not consider the appellant's allegation that the agency failed to notify him of his Board appeal rights pertaining to an alleged improper restoration, and, in any event, the appellant had failed to explain how his substantive rights were prejudiced. *See* ID at 10 n.5.

¶4		The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  Petition for Review (PFR) File, Tabs 1, 3-4.  On review, the appellant argues generally that the Board has jurisdiction under two theories:  (1) under its authority to review whether the agency satisfied its restoration obligations pursuant to 5 U.S.C. § 8151(a) and OPM's implementing regulations; and (2) under its authority to review determinations affecting an individual's rights or interests under federal retirement law.  PFR File, Tab 1.  He largely reiterates his arguments made below, and he also includes excerpts from the agency's Employee and Labor Relations Manual (ELM), the OPM Civil Service Retirement System (CSRS) and Federal Employees' Retirement System (FERS) Handbook, and statements from the Social Security Administration and Federal Retirement Thrift Investment Board.  *See id.*, Exhibits 1-4.

¶5		The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden to show that the Board has jurisdiction over the appeal.  5 C.F.R. § 1201.56(a)(2)(i).  For the following reasons, we agree that the appellant did not make a nonfrivolous allegation of improper restoration pursuant to 5 U.S.C. § 8151(a).  We further find that the appellant has not been subjected to an appealable administrative action or order affecting his interests under federal retirement law at this time; however, however, we notify him that he may raise these claims under federal retirement law to OPM for consideration.

The appellant did not make a nonfrivolous allegation that the agency violated his restoration rights as described in 5 U.S.C. § 8151(a).

¶6		The Federal Employees' Compensation Act (FECA) provides, among other things, that federal employees who suffer compensable injuries enjoy certain restoration rights.  *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 9 (2012); *see* 5 U.S.C. § 8151.  Congress has explicitly granted OPM the authority to issue

regulations governing agencies' obligations in this regard, and OPM has issued regulations requiring agencies to make certain efforts toward restoring compensably injured individuals to duty, depending on the timing and extent of their recovery.  *Latham*, 117 M.S.P.R. 400, ¶ 9; *see* 5 U.S.C. § 8151; 5 C.F.R. § 353.301.[2]

¶7        We have considered the appellant's assertion that the agency, upon his reemployment, failed to properly credit him for sick and annual leave, Social Security benefits, Medicare, TSP contributions, retirement, and life insurance for the 16 years that he was receiving OWCP benefits pursuant to 5 U.S.C. § 8151(a) and 5 C.F.R. §§ 353.107, 353.304(a).  Pursuant to 5 U.S.C. § 8151(a), an individual who returns to duty following a compensable injury is entitled to service credit for the periods of leave without pay (LWOP) or separation during which he received OWCP compensation.  In pertinent part, section 8151(a) states that the entire time during which the employee was receiving compensation under 5 U.S.C. chapter 81 shall be credited to the employee for the purposes of within-grade step increases, retention purposes, and *other rights and benefits based upon length of service*.[3]  The issue before us is whether "other rights and

---

[2]  For instance, an employee, like the appellant, who is separated because of a compensable injury and whose full recovery takes longer than 1 year from the date eligibility for compensation began, is entitled to priority consideration, agencywide, for restoration to the position he left or an equivalent one provided he applies for reappointment within 30 days of the cessation of compensation.  5 C.F.R. § 353.301(b); *see* 5 U.S.C. § 8151(b)(2).  An injured employee in the executive branch, including the U.S. Postal Service, who believes that his reemployment priority rights have been violated, may appeal to the Board under the provisions of the Board's regulations. *Nevins v. U.S. Postal Service*, 107 M.S.P.R. 595, ¶ 10 (2008); *see* 5 C.F.R. § 353.304(a).  The appellant does not appear to have alleged below that the agency violated his reemployment priority rights.

[3]  The regulation at 5 C.F.R. § 353.107, which generally tracks the language of section 8151(a), *see Gallo v. United States*, 529 F.3d 1345, 1349 (Fed. Cir. 2008), states that, upon reemployment, an employee absent because of a compensable injury is generally entitled to be treated as though he had never left, and such an individual receives credit for the entire period of the absence for purposes of rights and benefits based upon

benefits based upon length of service" in section 8151(a) includes sick and annual leave, Social Security benefits, Medicare, TSP contributions, retirement, and life insurance. We conclude that the answer is no.

¶8          Regarding the appellant's assertion that he was entitled to retirement credit, we have considered precedent from the Board and the Federal Circuit that analyzes 5 U.S.C. § 8151(a). Based on our review of this precedent, we find that FERS retirement credit is not a right or benefit based upon the appellant's length of service.[4] As noted by the administrative judge in the initial decision, ID at 9, our reviewing court, in *True v. Office of Personnel Management*, 926 F.2d 1151, 1156 (Fed. Cir. 1991), concluded that neither section 8151(a) nor section 8332(f) permits non-actual service to be counted toward the 5-year actual reemployment requirement of 5 U.S.C. § 8344(a). In reaching its conclusion, the court analyzed the legislative history of section 8151(a). *True*, 926 F.2d at 1155-56. The court noted that: (1) the original proposed legislation provided that the time an individual spent receiving OWCP benefits also would be credited for the purpose of "annuity computation under the civil service retirement provisions"; (2) the Senate passed the legislation with an amendment that struck out "annuity computation under the civil service retirement provisions"; and (3) the House concurred in the Senate amendments, including the deletion of the provision regarding civil service retirement in section 8151(a). *See id*. at 1155. Based on this legislative history, the court concluded that Congress expressly considered and rejected the possibility of allowing FECA beneficiaries to count non-actual service toward fulfilling the retirement annuity credit requirements of section 8344(a). *Id.* at 1156.

---

seniority and length of service, including within-grade increases, career tenure, completion of probation, leave rate accrual, and severance pay.

[4] The record reflects that the appellant is covered by FERS. *See, e.g.*, IAF, Tab 1 at 12, Tab 8 at 10 (the appellant's Postal Service Form 50(PS-50)).

¶9		The appellant asserted below that *True* was inapplicable because it involved reemployed annuitants. *See* IAF, Tab 20 at 15-16. Although it is accurate that Mr. True was a reemployed annuitant, the court subsequently expanded the holding of *True* to cases that did not involve reemployed annuitants. In *Gallo v. Department of Transportation*, 689 F.3d 1294 (Fed. Cir. 2012), the court addressed a situation in which the employee, like the appellant, had fully recovered after more than 1 year and sought retirement credit for the time that she had received OWCP benefits. The court rejected Ms. Gallo's argument that, pursuant to 5 C.F.R. § 353.107, she was entitled to retirement credit that she would have received had she not been injured, explaining that it "unequivocally held in *True* that § 8151(a) does not encompass civil service retirement credit, a right based on *actual employment* time, not including time that an employee was receiving OWCP compensation." 689 F.3d at 1300, 1302-03 (citing *True*, 926 F.2d at 1156). Because decisions from the Federal Circuit are controlling authority for the Board, *Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987), we conclude that the appellant's claims for retirement credit do not constitute a nonfrivolous allegation of Board jurisdiction over restoration matters pursuant to 5 U.S.C. § 8151(a).

¶10		We also have considered the appellant's argument that *Hatch v. Office of Personnel Management*, 100 M.S.P.R. 204 (2005), is applicable to this matter. *See* PFR File, Tab 1 at 24-25. We disagree. *Hatch* addressed the issue of whether a partially-recovered employee who receives OWCP benefits while working part-time should be treated as a full-time employee for the purpose of computing retirement benefits. The Board's decision to credit as full-time service for retirement purposes Mr. Hatch's part-time work schedule is not relevant to our assessment of whether 5 U.S.C. § 8151(a) grants the Board jurisdiction to consider the appellant's assertion that he should receive retirement credit for the entire time that he was out on LWOP and receiving OWCP benefits. *See Palmer v. Merit Systems Protection Board*, 550 F.3d 1380, 1385 (Fed. Cir. 2008)

(explaining that the Board's decision in *Hatch* had "no bearing" on whether the Board has jurisdiction over Mr. Palmer's appeal of improper restoration following partial recovery from a compensable injury).

¶11   Regarding the appellant's assertion on review that the agency should have credited him with sick and annual leave, both the Federal Circuit and the Board have concluded that sick and annual leave are not rights and benefits based on length of service under 5 U.S.C. § 8151(a).  *See Palmer*, 550 F.3d at 1384-85; *Burch v. U.S. Postal Service*, 47 M.S.P.R. 518, 521, *aff'd*, 949 F.2d 404 (Fed. Cir. 1991) (Table).

¶12   The parties agreed below that the appellant was entitled to a leave accrual rate based on his more than 16 years of federal employment, which would include the time for which he received OWCP benefits.  *See* IAF, Tab 5 at 1-2.  To the extent that the appellant argues on review that he is entitled to *leave accrual* in this regard, PFR File, Tab 1 at 8-9, he has not nonfrivolously alleged a basis for Board jurisdiction because the record reflects that he is properly accruing leave at a rate of 8 hours per pay period, *see* IAF, Tab 11 at 12 (the appellant's September 2013 PS-50); IAF, Tab 8 at 18 (ELM 512.311 stating that an employee should earn 8 hours of annual leave with 15 years or more of creditable service); *see also Palmer*, 550 F.3d at 1384-85 ("The *rate* at which leave accrues during each pay period is a benefit based on length of service."); *Burch*, 47 M.S.P.R. at 521 (same).

¶13   The appellant has relied on various provisions of the ELM and excerpts from OPM's Guide to Processing Personnel Actions to support his assertion that he should have been credited for leave, Social Security benefits, TSP contributions, Medicare, and life insurance.  *See* PFR File, Tab 1; IAF, Tab 20. We have considered these references, but none persuade us that these benefits are based on length of service under 5 U.S.C. § 8151(a).  For example, the appellant cited numerous ELM provisions regarding back pay awards, *see* PFR File, Tab 1 at 13-14; IAF, Tab 20 at 11-12; however, the appellant did not receive a back pay

award, and, thus, those provisions are inapplicable. Additionally, the appellant cited ELM 512.91 for the proposition that an employee who returns to pay and duty status following a suspension period or an involuntary separation is entitled to have annual leave recredited, *see* PFR File, Tab 1 at 12; IAF, Tab 20 at 9-10; however, the appellant was not suspended or involuntarily separated.

¶14    For these reasons, we conclude that the appellant has not nonfrivolously alleged that the Board has jurisdiction over the appeal as a claim of improper restoration pursuant to 5 U.S.C. § 8151(a).

The Board lacks jurisdiction over the appellant's assertion that the agency's decision not to award him retirement credit is an administrative action or order affecting his rights and interests under federal retirement law.

¶15    We have considered the appellant's alternative theory that the agency's decision not to award him retirement credit for the time that he received OWCP benefits constitutes an administrative action or order affecting an individual's rights or interests under federal retirement law. PFR File, Tab 1 at 5; *see* 5 U.S.C. § 8461(e); 5 C.F.R. § 1201.3(a)(2). As support for his assertion, the appellant relied on section 582.4 of the ELM and 5 U.S.C. § 8332(f), both of which appear to allow retirement credit for time spent receiving OWCP benefits. IAF, Tab 20 at 6-9; PFR, Tab 1 at 6-8, 36 (section 582.4 of the ELM). Additionally, the appellant referred to OPM's CSRS and FERS Handbook, which states that a federal employee who is not an annuitant who returns to federal service after a period of separation is deemed to have been in a LWOP status during that part of the separation period in which he received workers' compensation benefits, and the period of deemed LWOP is creditable for years of service counted towards eligibility and computation of benefits, and in the computation of the high-3 salary. *See* OPM CSRS and FERS Handbook, § 102A3.1-1B, available at http://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/c102.pdf?nocache=1 (last visited Mar. 24, 2015).

¶16    Ordinarily, an appeal of an administrative action or order affecting an individual's rights or interests under a federal retirement system arises from an OPM decision. *Mandarino v. Department of Homeland Security*, 118 M.S.P.R. 510, ¶ 7 (2012). Here, however, there is no OPM decision regarding the appellant's assertion that he was entitled to retirement credit, and there is no evidence that OPM or Congress delegated to the agency the authority to determine his entitlement to retirement credit as a matter of retirement law. *Cf. Adams v. Department of Defense*, 688 F.3d 1330, 1335-36 (Fed. Cir. 2012) (the appeal of an adverse Voluntary Early Retirement Authority ruling by the agency is within the Board's jurisdiction because Congress delegated such authority to the agency); *Mandarino*, 118 M.S.P.R. 510, ¶ 7 (explaining that when an employing agency makes a decision on a request for enhanced retirement coverage under a delegation of authority from OPM, it "stands in OPM's place," and the appeal is from the employing agency's decision).[5]

¶17    In the absence of an OPM decision, the Board lacks jurisdiction over the appellant's request to receive retirement credit for the 16 years that he received OWCP benefits. However, we notify the appellant that he may request OPM to make a determination on his entitlement to retirement credit.

Other issues

¶18    The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made such a showing. Moreover, he has not persuaded us that his TSP documentation, which appears to be dated after the initial decision was issued, warrants an outcome different from

---

[5] There does not appear to be any meaningful difference between the relevant FERS provision in *Adams*, 5 U.S.C. § 8461(e), and the CSRS provision in *Mandarino*, 5 U.S.C. § 8347(d).

that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶19     In light of our disposition, we need not address the appellant's assertion on review that the agency was obligated to provide him with Board appeal rights. *See* PFR File, Tab 1 at 20-21.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.