# United States Court of Appeals for the Federal Circuit

---

**FRANK C. DE SANTIS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3134

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-14-0074-I-1.

---

Decided: June 22, 2016

---

FRANK C. DE SANTIS, Newton, CT, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

JEREMY PETERMAN, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for court-appointed amicus curiae ERIC SHUMSKY. Also represented by ERIC SHUMSKY; HALEY ELIZABETH JANKOWSKI, San Francisco, CA.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

The Federal Aviation Administration hired Frank De Santis in 2013. The FAA fired him less than one month later, while he was still in his probationary period. As now relevant, he appealed to the Merit Systems Protection Board under regulations, 5 C.F.R. §§ 210.101, 315.805, and 315.806, that have at all times relevant to this case applied only to employees in the competitive service. The Board dismissed the appeal for lack of jurisdiction because Mr. De Santis was in the excepted service, not in the competitive service. *De Santis v. Dep't of Transp.*, 2014 WL 5422590, *2 (MSPB Oct. 10, 2014).

Whether the Board has jurisdiction to hear Mr. De Santis's appeal turns on the meaning of 49 U.S.C. § 40122(g)(3), which authorizes FAA employees to appeal certain actions to the Board. In 1996, Congress had stripped FAA employees of all Board appeal rights, effective April 1, 1996, but in 2000 Congress enacted section 40122(g)(3) to restore Board appeal rights. Specifically, section 40122(g)(3) allows an FAA employee to appeal "any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996."

Under that provision, we conclude, Board jurisdiction over an appeal brought by an FAA employee depends on whether, taking as a given the employee's status in the excepted service at the time of the challenged action, that employee comes within the grants of appeal rights that existed on March 31, 1996. Thus, pre–April 1996 law is applied to actual current facts. We reject the alternative reading under which the Board would disregard the actual current status of the employee and ask what status a person in that position, or a similar position, would have had on March 31, 1996, then would use that counterfactual status in applying the grants of appeals that existed on March 31, 1996.

Under section 40122(g)(3) as we read it, the Board in this case was correct. Mr. De Santis, hired and fired in 2013, was undisputedly an excepted-service employee, and the regulatory appeal rights at issue, unchanged since March 31, 1996, do not apply to excepted-service employees. We therefore affirm the Board's dismissal.[1]

## BACKGROUND

### A

In 1978, Congress enacted the Civil Service Reform Act, a comprehensive system for managing the federal work force. Pub. L. No. 95-454, 92 Stat. 1111 (codified at 5 U.S.C. § 1101 *et seq.*). The Civil Service Reform Act created two general classes of positions: those in the "competitive service," which are subject to the extensive provisions of Title 5, and those in the "excepted service," which are exempt from portions, but not all, of Title 5. *See* 5 U.S.C. §§ 2102, 2103. Putting aside Senior Executive Service positions and positions involving Senate confirmation, the "competitive service" broadly includes all federal executive-branch civil-service positions other than those "specifically excepted from the competitive service by or under statute." *Id.* § 2102(a)(1). "[T]he 'excepted service' consists of those civil service positions which are not in the competitive service or the Senior Executive Service." *Id.* § 2103(a).

Before April 1996, nearly (but not) all FAA employees were within the competitive service. *See* Oral Arg. at 1:56–2:04. That changed under the 1996 Department of Transportation and Related Agencies Appropriations Act

---

[1] We appointed Eric Shumsky as amicus curiae to support Mr. De Santis's position. The court thanks him, as well as his colleagues Jeremy Peterman and Haley Elizabeth Jankowski, for commendably developing the position in briefs and at oral argument.

(DOT Act), which established an FAA Personnel Management System to "provide for greater flexibility in the hiring, training, compensation, and location" of FAA employees. Pub. L. No. 104-50, § 347(a), 109 Stat. 436, 460 (1995) (codified at 49 U.S.C. § 40122, *see* Federal Aviation Reauthorization Act of 1996, Pub. L. No. 104-264, § 253, 110 Stat. 3213, 3237). The DOT Act, which took effect on April 1, 1996, moved FAA employees from the competitive service to the excepted service and also exempted the FAA from all but certain provisions of Title 5 that it enumerated in 49 U.S.C. § 40122(g)(2). Because the basic Board jurisdictional provision, 5 U.S.C. § 7701(a), was not among the enumerated exceptions to the default Title 5 exemption, this court soon held that FAA employees could no longer appeal to the Board. *See Allen v. MSPB*, 127 F.3d 1074, 1076 (Fed. Cir. 1997).

Congress restored the Board's jurisdiction to hear appeals from FAA employees in 2000 by enacting the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (Ford Act). Pub. L. No. 106-181, §§ 307(a), 308(b), 114 Stat. 61, 124–26 (2000) (codified at 49 U.S.C. § 40122(g)(2)–(3)). The Senate Report stated an aim to "reinstate the statutory requirement for the FAA to adhere to merit system principles and restore the right of FAA employees to submit appeals to the [Board]." S. Rep. No. 106-9, at 36 (1999). To do so, the Ford Act added a new category to the list of exceptions (to the FAA's general Title 5 exemption) in 49 U.S.C. § 40122(g)(2): "sections 1204, 1211–1218, 1221, and 7701–7703, relating to the Merit Systems Protection Board." 49 U.S.C. § 40122(g)(2)(H). That addition reestablished the Board's jurisdiction over FAA employee appeals. A further provision added by the Ford Act then defined what appeal rights FAA employees may invoke:

> an employee of the [FAA] may submit an appeal
> to the Merit Systems Protection Board and may
> seek judicial review of any resulting final orders

or decisions of the Board from any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996.

*Id.* § 40122(g)(3). The specified date, March 31, 1996, was the day before the DOT Act took effect.

In 2012, Congress added a sentence to section 40122(g)(3), which states: "Notwithstanding any other provision of law, retroactive to April 1, 1996, the Board shall have the same remedial authority over such employee appeals that it had as of March 31, 1996." 49 U.S.C. § 40122(g)(3), added by FAA Modernization and Reform Act of 2012, Pub. L. No. 112-95, § 611, 126 Stat. 11, 117. That language restored the Board's authority to award back pay to FAA employees under the Back Pay Act, 5 U.S.C. § 5596. *Compare Gallo v. Dep't of Transp.*, 689 F.3d 1294, 1302 (Fed. Cir. 2012); *Hankins v. Dep't of Transp.*, No. DE-0752-10-0078-C-1, 2012 WL 3963384, ¶¶ 9–10 (MSPB Sept. 11, 2012), *with Gonzalez v. Dep't of Transp.*, 551 F.3d 1372, 1375–77 (Fed. Cir. 2009).

B

Mr. De Santis joined the Federal Aviation Administration on September 29, 2013, years after Congress withdrew and then restored Board appeal rights to FAA employees. His position as an Aviation Safety Inspector was an excepted-service position, and he was not "preference eligible." *See* 5 U.S.C. § 2108(3). Mr. De Santis began his service in the position with a one-year probationary period.

The FAA removed Mr. De Santis from his position less than one month later, effective October 25, 2013, on the ground that he violated the agency's rules regarding outside employment and holding a financial interest from a prohibited source. Mr. De Santis appealed to the Board, arguing that his termination was the result of procedural error, whistleblower reprisal, and age discrimination.

The administrative judge assigned to the case decided that the Board lacks jurisdiction to hear Mr. De Santis's claims. The administrative judge first concluded that Mr. De Santis could not appeal to the Board under 5 U.S.C. § 7513(d) because, as a non-preference-eligible excepted-service individual one month into his probationary period, he was outside the statutory definition of "employee," *id.* § 7511(a)(1)(C)(i), (ii). That issue is not before us.

The Board may exercise jurisdiction pursuant to regulation, 5 U.S.C. § 7701(a), and Mr. De Santis invokes two related regulations, 5 C.F.R. §§ 315.805 and 315.806(c), which are in turn subject to 5 C.F.R. § 210.101(b). The regulations have been the same in respects relevant here since before April 1996, so we may refer to them in the present tense. Those regulations grant to a terminated probationary employee, but only one in the competitive service, certain procedural rights and a right of appeal to the Board where the employee makes a non-frivolous allegation that the termination rested wholly or partly on conditions arising before appointment. Although Mr. De Santis is in the excepted service, he invoked those regulations on the ground that 49 U.S.C. § 40122(g)(3) requires that he be treated as a competitive-service employee because his position (not him personally) and the positions of most FAA employees were in the competitive service on March 31, 1996. The administrative judge rejected Mr. De Santis's contention and therefore held the regulations inapplicable.

Mr. De Santis filed a petition with the full Board, which affirmed the administrative judge's determination that the Board lacks jurisdiction. The Board agreed with the administrative judge that the regulations Mr. De Santis invoked are inapplicable because he was in the excepted service, not the competitive service, and that 49 U.S.C. § 40122(g)(3) does not make them applicable to him by requiring that he be treated as if he were a com-

petitive-service employee when hired and fired in 2013. *De Santis*, 2014 WL 5422590 at *2.[2]

Mr. De Santis appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). We review whether the Board has jurisdiction de novo. *See Roche v. Merit Sys. Prot. Bd.*, 596 F.3d 1375, 1378 (Fed. Cir. 2010).

The Board concluded that Mr. De Santis may not invoke 5 C.F.R. §§ 315.805 and 315.806(c) to give it jurisdiction because those provisions apply only to employees in the competitive service. The only question before us is a legal one: whether, as Mr. De Santis and the court-appointed amicus contend, 49 U.S.C. § 40122(g)(3) re-

---

[2] Mr. De Santis also made a claim of age discrimination and a whistleblower claim. Neither claim is before us. Mr. De Santis no longer has a discrimination claim: he did not pursue his discrimination claim with the Board, *De Santis*, 2014 WL 5422590 at *1 n.3, and he informed this court, in his Form 10 filing, that no claim of age discrimination "has been or will be made in this case." As to the whistleblower claim, the administrative judge rejected it for non-exhaustion of the remedies available from the Office of Special Counsel, *see* 5 U.S.C. § 1214(a)(3), and when Mr. De Santis then exhausted his remedies, the Board forwarded the claim to the Board's regional office for docketing as a new appeal under 5 U.S.C. §§ 1221, 2302. *De Santis*, 2014 WL 5422590 at *3.

quires that Mr. De Santis be treated as a competitive-service employee for purposes of Board appeal rights because the position he occupied for a brief time in 2013 was (like most FAA positions) in the competitive service on March 31, 1996. We reject that interpretation of section 40122(g)(3), which we interpret instead to require application of pre–April 1996 appeal rights to an FAA employee based on the actual status of the employee's position at the time of the challenged action (which we will call the "current" status), not based on the status of the same position, or of some similar position, before April 1996.

Section 40122(g)(3) authorizes "an employee of the [FAA]" to appeal to the Board "*any action* that *was appealable* to the Board under any law, rule, or regulation as of March 31, 1996." 49 U.S.C. § 40122(g)(3) (emphases added). In interpreting that language for purposes of resolving the issue presented to us, we begin by noting what it cannot sensibly mean.

Thus, although the words alone might bear the meaning that an FAA employee can now appeal an action whenever that action "was appealable" by *some* FAA employee on March 31, 1996, that interpretation makes no sense. Congress was not providing that a person employed by the FAA on March 31, 1996, who could not have appealed a particular action at that time, could suddenly take an appeal afterwards as long as any other FAA employee, even in a different position, could have done so on March 31, 1996. That would expand Board appeal rights beyond what they were on March 31, 1996, which we have already held Congress was not doing in enacting section 40122(g)(3). *See Roche*, 596 F.3d at 1383. Mr. De Santis and amicus do not argue for such an interpretation.

Similarly, they do not, and could not sensibly, argue that the appealability right of section 40122(g)(3) is

personal to the *individual* bringing an appeal. Congress was not giving appeal rights to only individuals who themselves had appeal rights on March 31, 1996. The statute is written to apply to all FAA employees, not just those who actually were employed by the FAA on March 31, 1996. Mr. De Santis himself was not employed by the FAA at that time. By now, twenty years after 1996, a large number of the FAA's current employees must have joined the agency after March 31, 1996, and before long, that will be so for all FAA employees.

The only sensible interpretation of section 40122(g)(3) is that the appeal rights are tied to the *position* of the claimant. That is so even if the "any action" language, taken by itself, may refer to the agency conduct, not aspects of the position held by the claimant. *See* 5 U.S.C. § 7512 ("Actions covered" include removal, suspension for more than 14 days, reduction in grade, reduction in pay, and furlough of 30 days or less); *id.* § 4303(a) ("Actions based on unacceptable performance"; "an agency may reduce in grade or remove an employee for unacceptable performance"); *id.* § 2302(a)(2)(A) (defining "personnel action"). Section 40122(g)(3) does not say that any FAA employee can now appeal any action. It says that an FAA employee can appeal "any action that *was appealable* to the Board," and that language necessarily invokes the full set of preconditions to appeal, which commonly includes the status of the position involved in the employment action at issue. *See* 5 C.F.R. § 1201.3 (Board catalog of appeal rights); 5 U.S.C. § 7511(a)(1) (defining "employee," applicable to 5 U.S.C. § 7513(d)); 5 C.F.R. § 210.101(b) (specifying that parts 315 through 339 of the chapter apply to all competitive-service positions but not excepted-service positions).

The critical issue, then, is whether it is the actual appealability-relevant status of the claimant's position at the time of the challenged action—excepted v. competitive service, duration, etc.—that is to be used in determining

whether the action was "appealable" on March 31, 1996. The answer, we conclude, is yes. It is a straightforward and sensible reading of the statute to take the legal standards for appealability in force on March 31, 1996, and apply those standards to the claimant's actual status whenever the claim happens to arise, whether in mid-1996, mid-2016, or mid-2036. The alternative interpretation urged by Mr. De Santis and amicus—in broadly treating excepted-service employees as competitive-service employees and requiring problematic job comparisons—is less sensible.

The major practical difference in application between the two interpretations of section 40122(g)(3) involves recent hires. The basic adverse-action appeal rights of 5 U.S.C. § 7513(d) apply to an "employee," and that term is defined by reference to how recently the individual was hired.[3] Significantly for current purposes, full appeal rights attach sooner for competitive-service employees (one year) than for (non-preference-eligible) excepted-service employees (two years). *See* note 3, *supra*.

The longer probationary period for most excepted-service employees gives the agency a longer period for evaluation and possible firing without adverse-action review. That greater agency discretion regarding dismissal has a natural logical connection to the looser stand-

---

[3] In general, *i.e.*, except for some additional details that do not detract from the point being made here, section 7511 defines "employee" as: (1) an individual in the competitive service who has completed one year of service, 5 U.S.C. § 7511(a)(1)(A); (2) a preference-eligible individual in the excepted service who has completed one year of service in the same or similar position, *id.* § 7511(a)(1)(B); or (3) an individual in the excepted service who has completed two years of service in the same or similar position, *id.* § 7511(a)(1)(C).

ards for hiring excepted-service employees. Hiring into the excepted services is not subject to the stricter requirements applicable to competitive-service employees. *See, e.g.*, 5 U.S.C. § 3304(b) (requiring an individual to pass an examination to enter the competitive service); *id.* § 3361 (promotions of competitive-service employees generally depend on passing an examination). Laxer hiring standards are tied to greater firing discretion.

Our reading of section 40122(g)(3) respects that logical connection implicit in Title 5. Mr. De Santis's alternative reading does not. Mr. De Santis's position would give the greater firing protection of adverse-action appeal rights to those hired under the laxer standards, by treating all or virtually all FAA employees as competitive-service employees for appeal purposes. Such enhanced competitive-service protections would apply to all FAA employees hired after March 31, 1996—all hired as excepted-service employees. That result would run counter to a structural Title 5 policy tying hiring standards and firing discretion. And we see no basis for inferring that Congress so intended when it enacted section 40122(g)(3) on April 5, 2000. Indeed, it is hardly clear that, by then, the probationary-period difference between competitive- and excepted-service employees (one versus two years) mattered for *any* FAA employee who had been hired into the competitive service, since such hiring had stopped four years earlier, on April 1, 1996.

The FAA's expectations with respect to hiring and firing its employees, and of such employees' excepted-service status determining their appeal rights, likely have settled since 2000. The Ford Act has been in place for 16 years, and the FAA and Board have treated its employees as excepted-service employees for Board-appeal purposes during that time. *See Roche*, 596 F.3d at 1377. Indeed, in the only case we have been pointed to in which the claimant initially pressed the position Mr. De Santis now presses, the Board rejected the argument that the claim-

ant qualified as a competitive-service employee due to section 40122(g)(3), and the claimant did not raise that argument on appeal—even though it appears that the argument, if successful, would have been result changing. *See Roche*, 596 F.3d at 1377. The FAA's years of treating its employees as in the excepted service has likely generated expectations, concerning hiring and firing, that deserve weight in the resolution of the statutory issue.

Mr. De Santis's interpretation suffers from another difficulty: the need for problematic inquiries. Under that interpretation, appeal rights would be determined not based on a straightforward identification of the current actual status of the claimant's position in the excepted- or competitive-service but based on an inquiry into what status the position would have had on March 31, 1996. That might not be a problem for a position that has not changed since 1996, but a current position within the FAA might not have existed on March 31, 1996, and in any event the duties associated with a position may change over time. The creation of new positions and changes in positions presumably will increase over time. Moreover, in 2001, Congress created a wholly new agency, the Transportation Security Administration, and declared that "section 40122 shall apply to employees of the" new agency. 49 U.S.C. § 114(n). The TSA did not exist on March 31, 1996, making it even more problematic for section 40122 to require an inquiry into the status that a person in the same status-relevant circumstances would have had on that date. Our reading of section 40122(g)(3) avoids those problems.

Our reading gives a simple role to the language "as of March 31, 1996" in the provision. 49 U.S.C. § 40122(g)(3). Immediately preceding that language is "under any law, rule, or regulation." What the date does is to identify the precise body of law—the body of law in force on March 31, 1996—that determines current FAA employees' appeal

rights. That frozen-in-time body of law then gets applied to an FAA employee based on current actual status.

Our reading also is consistent with Congress's general aim of "restoring" Board appeal rights. That restoration surely was focused on the great mass of Board appeal rights generally shared by competitive- and excepted-service employees alike—including the adverse-action appeal rights that typically become available after a year or two, as well as appeal rights involving prohibited personnel practices, 5 U.S.C. § 1221(a). The 1996 DOT Act had taken away all such rights from all FAA employees, and the 2000 Ford Act gave them back. The choice we must make on the narrow issue before us does not materially change the fulfillment of that purpose. We are aware of no specific legislative history suggesting a focus on circumstances where appeal rights differ for competitive- and excepted-service employees.

For those reasons, we think that current status is what matters for purposes of applying the March 1996 appeal-rights law. Here, Mr. De Santis was hired into an excepted-service position. His status as an excepted-service employee means that he cannot invoke 5 C.F.R. §§ 315.805 and 315.806(c) to appeal his termination because those regulations apply only to competitive-service employees. As he does not identify any laws, rules, or regulations that apply to him as a probationary excepted-service employee, the Board correctly concluded that it lacks jurisdiction to hear his appeal.

CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal for want of jurisdiction.

**AFFIRMED**