NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**DEBRA TAO,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2020-1834

_____

Petition for review of the Merit Systems Protection Board in No. SF-1221-19-0147-W-1.

_____

Decided:  May 7, 2021

_____

JAMES SOLOMON, Solomon, Maharaj & Kasimati, P.A., Tampa, FL, for petitioner.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

SHERYL GOLKOW, United States Office of Special Counsel, Washington, DC, for amicus curiae Office of Special Counsel.  Also represented by ELISABETH REBECCA BROWN,

EMILEE COLLIER, HENRY J. KERNER, LOUIS LOPEZ, SOPHIA
WOLMAN.

————————————

Before DYK, MAYER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Dr. Debra Tao petitions for review of a decision by the
Merit Systems Protection Board ("Board") that dismissed
an individual right of action appeal for lack of jurisdiction.
On review, the Board and the Office of Special Counsel
agree that the administrative judge ("AJ") erred in multiple respects. We *reverse* in part, *vacate* in part, and *remand*.

BACKGROUND

I

The Whistleblower Protection Act provides a federal
employee an individual right of action to seek corrective action from the Board for any personnel action, as defined in
the Act, that the employee reasonably believes was taken
in retaliation for any act of whistleblowing. *Young v. Merit
Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020); *see also*
5 U.S.C. § 1221. The statute provides that, subject to exhausting administrative remedies with the Office of Special Counsel (or "OSC"), *see* 5 U.S.C. § 1214(a)(3), "an
employee . . . may, with respect to any personnel action
taken, or proposed to be taken, against such employee . . . ,
as a result of a prohibited personnel practice described in
section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or
(D), seek corrective action from the [Board]," 5 U.S.C.
§ 1221(a).

We have described § 2302(b)(8) as covering "reprisal
based on disclosure of information" and § 2302(b)(9) as covering "reprisal based upon exercising a right to complain."
*Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1575 (Fed. Cir.
1996) (quoting *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679,

690 (Fed. Cir. 1992) (specifically discussing § 2302(b)(9)(A)). Reprisals are any "personnel action," as defined in 5 U.S.C. § 2302(a)(2), taken "because of . . . any disclosure" protected under § 2302(b)(8) or "because of" activities protected under § 2302(b)(9). 5 U.S.C. § 2302(a)(2), (b)(8)–(9); *see also Spruill*, 978 F.2d at 681 n.2 (Fed. Cir. 1992) (discussing § 2302's terminology).

Under § 2302(b)(8), a protected disclosure is one which the employee "reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020) (quoting § 2302(b)(8)).

As relevant to this case, under § 2302(b)(9), the following are protected activities:

> (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation—
>
>> (i) with regard to remedying a violation of paragraph (8) . . . ;
>
> (B) testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii);
>
> (C) cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law . . . .

5 U.S.C. § 2302(b)(9).

## II

At the time of the relevant events of this case, Dr. Tao had been employed as a pharmacist (Pharmacy Program Manager) at the Department of Veterans Affairs Greater

Los Angeles Health Care System Pharmacy Service for thirty years.  On February 20, 2018, Dr. Tao filed a complaint alleging prohibited personal practices with OSC. The retaliatory personnel actions Dr. Tao alleged with OSC were a three-day suspension imposed on her on June 17, 2017, her detail to a staff pharmacist position at a different location beginning July 24, 2017, a proposed removal letter issued on February 16, 2018, and the failure to provide a performance rating.  OSC informed Dr. Tao on October 11, 2018, that OSC was closing its inquiry into her case and advised her that she "may have a right to seek corrective action from the [Board]" by filing an individual right of action appeal.  J.A. 318–19.  Dr. Tao filed a timely individual right of action appeal with the Board, making largely the same allegations that she had raised in her OSC complaint and supplemental disclosures to OSC while her case was pending.

Before the Board, Dr. Tao raised sixteen actions that she contended were protected under § 2302(b)(8), (9), or both.  The AJ appears to have addressed seven of these, and the AJ dismissed Dr. Tao's appeal for lack of jurisdiction because she had not sufficiently alleged making protected disclosures under § 2302(b)(8).  The AJ's decision became the final decision of the Board on March 17, 2020. Dr. Tao petitions for review.  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

On review, of the sixteen total items, the Board admits that the AJ's ruling was erroneous with respect to five of them, admits that the AJ erroneously failed to consider two items, and takes no position as to the remainder.  OSC has filed a brief as amicus curiae and argues that the AJ committed reversible error with respect to five of the actions raised by Dr. Tao.  OSC did not address the remaining eleven.

## DISCUSSION

### I

We first describe Dr. Tao's sixteen allegations, and as to each, the AJ's ruling, and the position on review of the Board and OSC. Generally, Tao's allegations concerned the conduct of Dr. Yusef Dawoodbhai, the acting Chief of Pharmacy that Tao reported to, and the conduct of the Chief of Staff, Scotte Hartronft. We describe our disposition as to each of these items in Part II of this section.

(1) Dr. Tao alleges that on June 20, 2017, she advised Hartronft and human resources officials over email of potential abuses of authority by "'concur[ring]' with Administrative Officer Elizabeth Luevano's June 20, 2017 email," which "convey[ed] that acting Chief of Pharmacy Yusef Dawoodbhai abused his authority by engaging in unspecified 'inappropriate abusive treatment.'" J.A. 2 (citation omitted).[1] Dr. Tao also alleges that she disclosed to OSC that "Dawoodbhai yelled at her, pointed his fingers, threatened discipline, and improperly called her a senior manager." *Id.* (citation omitted).

Dr. Tao contends that this item is protected under § 2302(b)(8) and does not assert that it is protected under § 2302(b)(9). The AJ determined that there was no jurisdiction under § 2302(b)(8). *Id.* at 6. On review, the Board takes no position on the merits of the AJ's determination, nor does OSC.

(2) Dr. Tao alleges that on June 26, 2017, she "wrote a letter to a U.S. Senator [Dianne Feinstein] complaining

---

[1]    Dr. Tao replied to Luevano's email with the statement, "I concur with what Ms. Luevano wrote below. . . . I have additional Reports of Contact regarding the Acting Chief of Pharmacy's inappropriate behavior towards me." J.A. 221–22.

that Dawoodbhai, Hartronft, and HR officials were acting improperly towards her, improperly detailing Dawoodbhai without competition, [and] improperly detailing Dawoodbhai's spouse to a supervisory HR position creating an 'improper alliance between the two services' as set forth in the record." *Id.* at 2 (citation omitted). The AJ determined that these disclosures did not establish jurisdiction under § 2302(b)(8). *Id.* at 6–7. On review, the Board concedes that the AJ's ruling with respect to the letter to Senator Feinstein was erroneous, as discussed further in item (8) below. OSC takes no position.

(3) Dr. Tao alleges that on July 13, 2017, she informed the agency's Office of Accountability and Whistleblower Protection (or "OAWP") "that Dawoodbhai and Hartronft were improperly disciplining and otherwise taking action against employees that management had not previously addressed." *Id.* at 2. Dr. Tao contends that this action was protected under § 2302(b)(9)(C). The AJ determined that this action did not establish jurisdiction under § 2302(b)(8). The Board appears to concede that the AJ's ruling was erroneous because Dr. Tao "provided information to the agency's OAWP investigatory unit" and that such activity "is likely covered under [§] 2302(b)(9)(A)." Resp't Br. 16. OSC contends that "fil[ing] with [the agency's] OAWP" "ha[s] long been held to be protected under [§] 2302(b)(9)." OSC Br. 11.

(4) Dr. Tao alleges that on August 15, 2017, "she disclosed to the Federal Labor Relations Authority . . . , through a claim of unfair labor practice . . . , that the agency improperly 'stated that [she] was a manager' . . . even though she ha[d] been detailed to a staff pharmacist position, away from her manager position," and, as a result, Dr. Tao was ineligible for union representation. J.A. 2–3 (citation omitted). Dr. Tao asserts that this action was protected under both § 2302(b)(8) and (b)(9)(A)(i). The AJ determined that this item did not establish jurisdiction under § 2302(b)(8). The Board takes no position on the

merits of the AJ's determination with respect to this disclosure. OSC takes the view that Dr. Tao's act of "filing a claim of an unfair labor practice with the Federal Labor Relations Authority" is "protected under [§] 2302(b)(9)." OSC Br. 3.

(5) Dr. Tao alleges that on November 13, 2017, she "informed the OSC Disclosure Unit that Dawoodbhai was improperly disciplining employees." J.A. 3 (citation omitted). Dr. Tao contends this action is protected under § 2302(b)(9)(C). The AJ concluded that this item did not establish jurisdiction under § 2302(b)(8). The Board concedes that the AJ's ruling was erroneous because Dr. Tao's act of "fil[ing] disclosures with OSC's Disclosure Unit" "is explicitly protected under section 2302(b)(9)(C)." Resp't Br. 15. OSC takes the same view.

(6) Dr. Tao alleges that on January 6, 2018, she "testified in support of Luevano's request for a restraining order against Dawoodbhai arising from Luevano's equal employment opportunity (EEO) claim of sexual harassment, in a local court proceeding," J.A. 3, which Dr. Tao contends is protected under § 2302(b)(9)(B). The AJ determined that this item did not establish jurisdiction under § 2302(b)(8). *Id.* at 6. The Board concedes that the AJ erred because Dr. Tao's act of "provid[ing] an affidavit supporting coworker Luevano's sex discrimination suit in a local court for a restraining order against Dawoodbhai" is "protected under [§] 2302(b)(9)(B), which applies to 'testifying or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii).'" Resp't Br. 15–16 (citation omitted). OSC does not address this item in its brief.

(7) Dr. Tao alleges that on February 5 and 21, 2018, she "disclosed to a Board administrative judge that management was improperly disciplining employees," J.A. 3, which Dr. Tao contends is protected under § 2302(b)(9)(B). It appears that this activity related to written testimony

that Dr. Tao provided in support of a former Chief of Pharmacy, Dr. Jeffrey Sayers, who was appealing his removal to the Board. The AJ determined that this item did not establish jurisdiction under § 2302(b)(8). The Board concedes that the AJ's ruling was erroneous, and that Dr. Tao's act of "provid[ing] her written testimony supporting a former Chief of Pharmacy's MSPB appeal from his removal" is protected under § 2302(b)(9)(B). Resp't Br. 15. OSC takes the same view.

(8) Dr. Tao alleges that she "disclosed Dr. Dawoodbhai was unqualified for the Chief of Pharmacy position," Pet'r Br. 19, which Dr. Tao asserts is a protected disclosure under § 2302(b)(8). This disclosure appears to refer at least in part to Dr. Tao's June 26, 2017, letter to Senator Feinstein, discussed above in item (2), in which she complained that Dawoodbhai was unqualified for his position because he lacked the required experience.[2] The Board concedes that the AJ's ruling was erroneous because he "did not recognize the alleged potential violation of law" even though "it is clear . . . that the petitioner made a nonfrivolous protected disclosure that the agency's action in detailing Dawoodbhai to a position that he was unqualified for was a violation of applicable agency regulations." Resp't Br. 19–20. OSC takes no position.

(9) Dr. Tao alleges that she also "disclosed concerns of nepotism and abuse of authority regarding the detail of Dr. Dawoodbhai's spouse" in her letter to Senator Feinstein, Pet'r Br. 19, which Dr. Tao asserts is a protected disclosure under § 2302(b)(8). Although the AJ analyzed Dr. Tao's disclosure that human resource officials had "improperly detail[ed] Dawoodbhai's spouse to a supervisory

---

[2]    The Board notes that there was a violation of agency policy in detailing Dawoodbhai and "[t]he agency did not remedy this violation until November 2017." Resp't Br. 19 (citing J.A. 352).

HR position creating an 'improper alliance between the two services,'" J.A. 2 (item two above), the AJ did not address Dr. Tao's allegation of nepotism. The Board and OSC do not discuss this item in their briefs.

(10) Dr. Tao alleges that she engaged in "formal and informal EEO activity, including contacting the Agency's EEO counselor on two separate occasions, filing a formal complaint, requesting a hearing, and continuing to engage in the EEO process." Pet'r Br. 19. This item also appears to include Dr. Tao's "participat[ion]" in an EEO case filed by her coworker, Elizabeth Luevano. *See id.* at 11 (quoting J.A. 269). Dr. Tao contends that such activity is protected under § 2302(b)(9)(A)(i). The AJ noted that "appellant ha[d] filed two formal EEO discrimination complaints," J.A. 3, and "allege[d] that she was the victim of EEO discrimination and retaliation," *id.* at 6, and concluded that these actions are not protected.

The Board concedes that the AJ "erred in failing to consider" that during the months of April and May 2017, Dr. Tao also "provided witness statements for Luevano's EEO case naming Dawoodbhai as a Responsible Management Official." Resp't Br. 16. The Board further concedes that the AJ erred in that Tao's testimony in Luevano's EEO case "appears to be . . . protected activity." *Id.* OSC takes the same view. Neither the Board nor OSC take a view on the other aspects of this item.

(11) Dr. Tao alleges that she engaged in "submitting and pursuing both a disclosure and a prohibited personnel practices complaint to the Office of Special Counsel, as well as copying OSC attorneys onto certain Agency emails." Pet'r Br. 19. Dr. Tao contends that these activities are protected under § 2302(b)(9)(C). The AJ did not address Dr. Tao's filing of a claim with OSC or copying OSC attorneys onto agency emails, nor do the Board or OSC in their briefs.

(12) Dr. Tao alleges that she engaged in "submission of disclosures to the Agency's Office of Accountability and Whistleblower Protection." Pet'r Br. 20. Dr. Tao contends that this activity is protected under § 2302(b)(9)(C). It is unclear whether Dr. Tao contends that she made disclosures other than those discussed above as the third item, which the AJ did address and the Board requests remand on. The Board and OSC do not separately address this item in their briefs.

Dr. Tao contends that the AJ failed to address four other items: (13) her "participation in an Administrative Investigation Board [looking] into conduct unbecoming and other charges for Dr. Dawoodbhai," (14) her "disclosure that the Agency failed to complete a delegation of authority after Dr. Dawoodbhai was relieved of the position and the identity of the new Acting Chief of Pharmacy was unknown to pharmacy employees," (15) her "email to Ms. Ahnya Slaughter alleging that individuals who participated in the Administrative Investigation Board were retaliated against for their participation," and (16) her "email to the Privacy Officer disclosing a breach of her own [Personally Identifying Information ("PII")], as well as the PII of other employees, in violation of the Privacy Act." Pet'r Br. 20. Dr. Tao contends that these disclosures and activities are protected under § 2302(b)(8), (b)(9), or both. The AJ did not address these activities and disclosures, nor do the Board and OSC in their briefs.

II

We may not set aside a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Parkinson v. Dep't of Just.*, 874 F.3d 710, 715 (Fed. Cir. 2017) (en banc) (quoting 5 U.S.C. § 7703). "We review whether the Board has jurisdiction de novo." *De Santis v. Merit Sys.*

*Prot. Bd.*, 826 F.3d 1369, 1373 (Fed. Cir. 2016). The Board does not dispute that Dr. Tao has exhausted her administrative remedies, nor does OSC.

The Board also concedes that the AJ's ruling that Dr. Tao's actions were not protected was erroneous with respect to items (5), (6), and (7), and likely erroneous with respect to item (3). The Board concedes as well that the AJ erred with respect to items (2) and (8) regarding Dr. Tao's letter to Senator Feinstein, which the Board concedes contained a protected disclosure under § 2302(b)(8), and item (10), which the Board concedes involved a protected activity under § 2302(b)(9)(B).

We reverse the AJ as to items (2), (3), (5)–(8), and (10), agree with the Board that they at least in part allege protected activities and disclosures over which the Board has jurisdiction, and remand for further proceedings. Our reversal is limited to the parts of these items as to which the Board has conceded the AJ erred or likely erred. As to the parts of these items that the Board has not conceded, we vacate and remand for the Board to reconsider or consider in the first instance.

The Board takes no position on items (1), and (4) which the AJ did address in his ruling, and (12), which the AJ appears to have addressed at least in part, or items (9), (11), and (13)–(16), which the AJ did not address. We remand these aspects of Dr. Tao's claim for the Board to reconsider or consider in the first instance.

On remand, given the magnitude of the AJ's errors, reassignment is appropriate. *See Alta Wind I Owner Lessor C v. United States*, 897 F.3d 1365, 1382 (Fed. Cir. 2018); *Contreras v. Sec'y of Health & Hum. Servs.*, 844 F.3d 1363, 1369 (Fed. Cir. 2017). On remand, the case should be reassigned to a new administrative judge.

CONCLUSION

We vacate and remand to the Board for further proceedings consistent with this opinion.  On remand, the Board shall reassign Dr. Tao's appeal to a different administrative judge.

**REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

Costs to Dr. Tao.