# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BIANCA C. WITTENBERG,
             Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,
             Agency.

DOCKET NUMBER
SF-315H-17-0196-I-1

DATE: July 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bianca C. Wittenberg, El Dorado Hills, California, pro se.

Jared Hatch, Los Angeles, California, for the agency.

Maria Surdokas, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction for the reasons set forth in this Final Order.

## BACKGROUND

¶2      Effective April 22, 2016, the agency appointed the appellant to a term appointment in the excepted service as an Air Traffic Control Specialist with the Federal Aviation Administration (FAA) to attend FAA Academy training. Initial Appeal File (IAF), Tab 8 at 11. The agency converted the appellant to a conditional appointment in the excepted service on July 21, 2016. *Id.* at 8-9. The Standard Form 50 (SF-50) effecting the appointment stated that the appellant held a drug and alcohol "testing designated position" and that the appointment was "subject to completion of [a] one year trial period beginning 04-22-16." *Id.* On December 28, 2016, the agency terminated the appellant for failing a random drug test, performed in accordance with Department of Transportation policy and the terms of the appellant's position. IAF, Tab 7 at 28-29.

¶3      The appellant filed an appeal of her termination with the Board and requested a hearing. IAF, Tab 1. She claimed that the agency committed harmful

procedural error and demonstrated a "lack of a reasonable standard of care" due to irregularities in the drug testing procedures. *Id.* at 5. She attached a copy of the agency's "Termination during Probation" memorandum, which referenced a 1-year probationary period and informed her that she could appeal her termination to the Board if she believed that it was based on discrimination because of marital status or partisan political reasons. *Id.* at 7-8.

¶4      In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over her appeal and apprised her of the regulatory right to appeal for probationers in the competitive service and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. IAF, Tab 2 at 2-4. In response, the appellant claimed that the agency had terminated her due to a preexisting condition constituting a preappointment reason, discriminated against her based on marital status and other bases, and violated her due process rights. IAF, Tab 4 at 10-13. The agency filed a response, arguing that the appeal should be dismissed due to lack of jurisdiction. IAF, Tab 9.

¶5      Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 7. She found that the appellant did not meet the statutory definition of an "employee" under 5 U.S.C. § 7511(a)(1)(A), having been terminated during a 1-year probationary period under a competitive-service appointment. ID at 2, 5. She also found that the appellant failed to make a nonfrivolous allegation that she had a regulatory right to appeal under 5 C.F.R. §§ 315.805-.806. ID at 5-6. Finally, the administrative judge stated that the Board could not address the appellant's due process and harmful procedural error claims because she had not established jurisdiction over her appeal. ID at 6-7.

¶6      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing the petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 Although the administrative judge correctly determined that the appeal is not within the Board's jurisdiction, she based her decision on the belief that the appellant was appointed to the competitive service. ID at 2. The documentary evidence demonstrates that the agency appointed the appellant to the excepted service, in which case neither 5 U.S.C. § 7511(a)(1)(A) nor 5 C.F.R. part 315, subpart H, applies to the appellant. *See Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 8 (2010). Thus, we vacate the initial decision and dismiss the appeal for the reasons set forth below.

¶8 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The 1996 Department of Transportation and Related Agency Appropriations Act (DOT Act) established the FAA Personnel Management System, which moved FAA employees from the competitive service to the excepted service and exempted the FAA from most provisions of title 5 of the U.S. Code. *De Santis v. Merit Systems Protection Board*, 826 F.3d 1369, 1371 (Fed. Cir. 2016). The U.S. Court of Appeals for the Federal Circuit subsequently held that FAA employees could no longer file appeals with the Board because 5 U.S.C. § 7701(a), the basic Board jurisdictional provision, was not one of the enumerated exceptions to the title 5 exemption. *Id.* Congress restored certain Board appeal rights in 2000 through the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (Ford Act), which granted FAA employees the right to appeal any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996. 49 U.S.C. § 40122(g)(2)-(3); *De Santis*, 826 F.3d at 1371. Although not addressed directly in the DOT Act or the Ford Act, the applicable definition of "employee" for purposes of determining Board jurisdiction is 5 U.S.C. § 7511, not the FAA Personnel Management System. *Roche v. Merit Systems Protection Board*, 596 F.3d 1375, 1379, 1383 (Fed. Cir. 2010).

¶9 For a nonpreference-eligible individual in the excepted service, this means that she either must not be serving a probationary or trial period under an initial appointment pending conversion to the competitive service or have completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 10 (2009). As set forth in the initial decision, probationers in the competitive service have limited regulatory appeal rights when terminated under the provisions set forth in 5 C.F.R part 315, subpart H. ID at 4. However, 5 C.F.R. § 315.806(b)-(c), which provides certain appeal rights concerning terminations for preappointment reasons, and terminations based on marital status or partisan political reasons, do not apply to individuals in the excepted service, including FAA employees. *De Santis*, 826 F.3d at 1376; *Barrand*, 112 M.S.P.R. 210, ¶ 13.

¶10 In her initial appeal, the appellant did not identify the nature of her appointment, which was "unknown" to her, and she instead checked the box marked "other." IAF, Tab 1 at 1. She stated that she was not entitled to veterans' preference. *Id.* The agency's response to the acknowledgment order included the SF-50s effecting the appellant's initial term appointment, conversion appointment, and termination, all identifying the type of appointment as excepted service. IAF, Tab 8 at 9, 11, Tab 7 at 26. The agency's narrative response asserted that, at the time of her termination, the appellant was serving in a "new-hire probationary period" of an excepted-service appointment. IAF, Tab 7 at 8. On review, the appellant does not dispute that she was in a probationary or trial period at the time of termination, and she refers to her "probationary status." PFR File, Tab 1 at 4. Therefore, although the administrative judge found that the appellant's appointment was in the competitive service, due, in part, to the erroneous notice of appeal rights in the termination notice, IAF, Tab 1 at 7-8, the record is clear that she was in the excepted service.

¶11        Although the administrative judge did not provide the appellant explicit jurisdictional notice regarding 5 U.S.C. § 7511(a)(1)(C), we may rule on the jurisdictional issue without prejudicing her substantive rights because the record on the dispositive facts is fully developed and plainly shows that the Board is without jurisdiction over this appeal. *See Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 9. It is undisputed that the appellant had no prior Federal service and had served in her position less than 1 year at the time of her termination. The appellant and agency agree that the appellant was subject to a 1-year probationary or trial period, and the record contains no indication that she held an initial appointment pending conversion to the competitive service. Thus, the appellant does not meet the definition of "employee" under 5 U.S.C. § 7511(a)(1)(C),[2] and the Board lacks jurisdiction over her termination appeal. *See Roche*, 596 F.3d at 1383. The appellant repeats on review her cursory statements that she was terminated due to "age, sex, and marital status" discrimination. PFR File, Tab 1 at 3. However, 5 C.F.R. § 315.806 does not apply to her as an individual in the excepted service, *De Santis*, 826 F.3d at 1376, and the Board lacks jurisdiction over her discrimination claims absent an otherwise appealable action, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The agency's incorrect notice of appeal rights cannot expand the Board's jurisdiction. *Barrand*, 112 M.S.P.R. 210, ¶ 13. Therefore, although the administrative judge erroneously found that the appellant held a competitive-service appointment, at most, the administrative judge made a nonprejudicial error that had no effect on the appellant's substantive rights or the outcome of this appeal. *See Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 8.

---

[2] Despite the agency's assertion in its response to the appellant's petition for review that the FAA Personnel Management System governs whether the appellant is an "employee" for purposes of determining jurisdiction, PFR File, Tab 4 at 7, the applicable definition of "employee" is found at 5 U.S.C. § 7511, *see Roche*, 596 F.3d at 1379.

¶12      On review, the appellant asserts that the actions of the medical review officer involved in the drug testing constituted a "prohibited personnel action of discrimination," and, for the first time on review, she cites generally 5 U.S.C. § 1221 regarding individual right of action appeals.  PFR File, Tab 1 at 3-4.  She made no allegation in her initial appeal or responses to the acknowledgment order that she engaged in any whistleblower activity and makes no such allegation on review.  *Id.*; IAF, Tabs 1, 4-6.  She has not shown that this argument is based on new and material evidence not previously available despite her due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R § 1201.115.  In any event, absent an otherwise appealable action, her vague assertion of a prohibited personnel practice based on "discrimination" does not provide an independent basis for finding Board jurisdiction.  *See Wren*, 2 M.S.P.R. at 2.  The appellant has not raised any facts that would trigger Board review of this matter as a potential individual right of action appeal.  Thus, the Board has no jurisdiction to consider the merits of the appellant's termination appeal, including her claims that the agency used flawed testing procedures and violated her due process rights.

¶13      Accordingly, we dismiss the appeal for lack of jurisdiction for the reasons set forth in this Final Order, which is now the Board's final decision in this matter.  5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the date of issuance of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.